(178 P.3d 684)
No. 97,118

STATE OF KANSAS, *Appellee*, v. JOHNNY R. RIIS, *Appellant*.

Opinion filed March 21, 2008.

*William K. Rork, Wendie C. Bryan*, and *Kenneth B. Miller*, of Rork Law Office, of Topeka, for appellant.

*Robert D. Hecht*, district attorney, *Jamie L. Karasek*, assistant district attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before MARQUARDT, P.J., MALONE, J., and BRAZIL, S.J.

MALONE, J.: Johnny R. Riis appeals the district court's denial of his motion to withdraw plea. He also appeals the district court's denial of his discovery motions. We remand for the district court to conduct an in camera inspection of records as requested by Riis.

In January 2004, Officer Bruce Voigt of the Topeka Police Department submitted an affidavit in support of a search warrant in which Voigt claimed that a confidential informant had bought methamphetamine from Riis at Riis' house. Based on this affidavit,

the district court issued a warrant to search Riis' house and vehicles. Voigt and other officers executed the search warrant on January 21, 2004.

On March 15, 2004, based on items seized during the search of Riis' house, the State charged Riis with one count of possession of methamphetamine with intent to sell, one count of failure to pay drug tax, and one count of criminal possession of a firearm. Riis was also charged with one count of battery against a law enforcement officer based on an encounter between Riis and one of the police officers during the search. The State later filed an amended complaint that deleted the charge against Riis for failure to pay drug tax.

On December 4, 2004, Riis filed a motion to disclose the identity of the confidential informant mentioned in the search warrant. Riis maintained that the information in the search warrant affidavit about the confidential informant was fabricated. Riis also filed a motion to suppress evidence, arguing that the search warrant was not supported by probable cause.

On March 8, 2005, the date Riis' motions were scheduled for hearing, Riis entered a plea agreement with the State in which he pled no contest to possession of methamphetamine, criminal possession of a firearm, and battery of a law enforcement officer. In exchange, the State agreed to recommend concurrent sentences and drug treatment.

Unbeknownst to Riis, the State received reports on March 31, 2005, from the Kansas Bureau of Investigation (KBI) that Voigt had committed wrongdoing as a police officer. The KBI investigation had been ongoing for a year. By April 11, 2005, the State was so concerned about Voigt's credibility that it informed the police department that it would no longer accept cases or search warrants from Voigt. The State never gave Riis any exculpatory information regarding Voigt, even though Riis was yet to be sentenced.

On May 6, 2005, the district court sentenced Riis to 15 months' imprisonment. The district court placed Riis on probation for 18 months and ordered him to complete mandatory drug treatment.

On August 22, 2005, the Shawnee County District Attorney's Office issued a news release in which it revealed that the KBI had been investigating certain police officers. Because of this investigation, the State requested the dismissal of 27 criminal cases in which it believed that material witnesses or evidence was not credible.

On October 12, 2005, Riis filed a motion to withdraw his plea. In the motion, Riis argued that he should be allowed to withdraw his plea because the State had not disclosed to him that Voigt was being investigated and that he was an unreliable witness. On January 17, 2006, Riis filed a motion for production of investigative reports. In this motion, Riis requested the State to give him any investigative files that it had on Voigt. On March 13, 2006, Riis filed a motion for in camera inspection. In this motion, Riis requested the district court to review the police department's records regarding Voigt and to release any material evidence related to Riis' case.

The district court held a hearing on the motions. At the hearing, the State claimed that "none of the allegations against [Voigt] involve this case, involve this date of offense, involve this Topeka police report number, have nothing to do with this." On June 2, 2006, the district court filed an order denying all three motions. Riis timely appeals.

Riis claims the district court erred in denying his motion to withdraw his plea. He also claims the district court erred in denying his discovery motions, particularly the motion for an in camera inspection.

K.S.A. 22-3210(d) provides that "[t]o correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." The denial of a motion to withdraw a plea after sentencing lies within the district court's discretion, and an appellate court will not disturb that decision absent an abuse of discretion. *State v. Beauclair*, 281 Kan. 230, 235-36, 130 P.3d 40 (2006).

In denying Riis' motion to withdraw his plea, the court found that it "appears the State *probably* could have been able to establish a prima facie case against Riis without Voigt's testimony." (Em-

phasis added.) The district court also found that other officers were present when the search warrant was executed at Riis' house, who could have testified about the evidence discovered in the search and about the physical altercation between Riis and one of the police officers. The district court indicated that Riis' "knowledge [about the case] was not perfect when he entered his plea." Nevertheless, the district court determined that Riis' plea was voluntary under all the facts and circumstances.

Before we determine whether the district court abused its discretion in denying Riis' motion to withdraw his plea, we must first address the issue of whether the district court erred in denying Riis' discovery motions. Without supporting evidence, Riis had no chance of satisfying the heavy burden of manifest injustice in order to withdraw his plea.

Riis argues that he did not have adequate information to plead no contest because the State failed to provide him information regarding the criminal investigation of Voigt. He contends the district court abused its discretion in denying his discovery motions because the KBI and police investigative reports on Voigt may have contained material information about Voigt's credibility as it related to Riis' case.

There does not appear to be any statutory provision in the Kansas Code of Criminal Procedure, K.S.A. 22-2101 *et seq.*, governing discovery for postconviction motions. The Kansas Supreme Court, however, has recognized that posttrial discovery "may be necessary on certain occasions to insure due process." *State v. Nirschl*, 208 Kan. 111, 116, 490 P.2d 917 (1971).

An abuse of discretion standard generally applies to an appellate court's review of a district court's decision regarding discovery requests. *State v. Kessler*, 276 Kan. 202, 212, 73 P.3d 761 (2003). In fact, the Kansas Supreme Court has previously reviewed a district court's ruling on a posttrial discovery request under the abuse of discretion standard. See *State v. Matson*, 260 Kan. 366, 383-84, 921 P.2d 790 (1996).

Riis cites *State v. Griswold*, No. 94,835, unpublished opinion filed August 18, 2006, to support his claim that the district court erred in denying the discovery motions, particularly the motion for

an in camera inspection. In *Griswold,* Detectives Robert Bartlett and Larry Mitchell, members of the Butler County Drug Task Force, arrested Barbara Espinoza for sale of drugs. Espinoza immediately expressed an interest in cooperating with law enforcement in order to reduce her charges. On the same day as her arrest, she agreed to make a controlled buy of drugs from Galen "Cajun" Postoe. Bartlett drove Espinoza to Postoe's residence, which was shared by the defendant, Sherri Griswold. Espinoza, who was wired, knocked on the door, and Griswold let her inside. Once inside the residence, Espinoza purchased methamphetamine and only the voices of Espinoza and Postoe were audible on the recording. However, when Espinoza returned to the car, she informed Bartlett that Griswold had sold her the methamphetamine.

The State charged Griswold with sale of methamphetamine and failure to pay drug tax. Prior to trial, Griswold filed a motion asking to review the personnel files of Bartlett and Mitchell based on the detectives' recent suspensions from the task force and the KBI's investigation of Bartlett. In the alternative, Griswold requested that the district court conduct an in camera review of the personnel files to determine if any information related to Griswold's case. The district court denied Griswold's discovery request, characterizing it as "a fishing expedition." The district court also refused to conduct an in camera review of the personnel files. Griswold was subsequently found guilty of both counts by a jury.

On appeal, this court determined that the district court should have conducted an in camera review of the detectives' personnel files to ensure that the files did not contain information relevant to Griswold's case. This court noted that the case presented a catch-22 for Griswold: without an in camera inspection by the court, there was no way of knowing whether the personnel files contained material information. The case was remanded to the district court to examine the files in camera to determine if the files contained any impeachment evidence that would have changed the outcome of the trial. In the event such evidence was discovered, the district court was directed to grant a new trial. Slip op. at 8-9.

*Griswold* is distinguishable from Riis' case because in *Griswold* the discovery requests were made prior to trial. Here, Riis did not

request discovery until after he had entered a plea of no contest. Nevertheless, we find the court's reasoning in *Griswold* to be applicable to Riis' case. We are unable to find a valid reason for the district court to deny an in camera inspection of the investigative records on Voigt. The records may not be relevant to Riis' case, but we presently have no way of knowing if this is correct. On the other hand, if the records contain evidence relevant to Riis' case, it may amount to a manifest injustice not to allow Riis to withdraw his plea.

In summary, we conclude the district court erred in denying Riis' motion for an in camera inspection of the KBI and police department records concerning the investigation of Voigt. Consistent with our ruling in *Griswold*, the case is remanded for the district court to conduct an in camera inspection of these records. If the records contain no evidence concerning Voigt's credibility as it relates to Riis' case, then Riis' discovery motions should be denied. The records should then be sealed and retained by the district court in the event of an appeal by Riis. However, if the district court determines that the records contain evidence about Voigt's credibility *specifically as it relates to Riis' case*, then this evidence must be provided to Riis. In this event, the district court must also reconsider Riis' motion to withdraw his plea.

Reversed and remanded with directions.