NOT DESIGNATED FOR PUBLICATION

No. 119,849

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AMONEO M. GUTIERREZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed September 20, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., LEBEN, J., and WALKER, S.J.

PER CURIAM: Amoneo M. Gutierrez appeals the district court's denial of his postconviction motion for police investigative reports and statements of witnesses pertaining to his 2011 convictions. Because Gutierrez did not specify what he believed he would find in the records or what legal arguments he intended to make, his motion is akin to a fishing expedition, and we hold the district court did not abuse its discretion in denying it.

1

Gutierrez pled guilty to three counts of rape, two counts of aggravated criminal sodomy, five counts of kidnapping, and one count of aggravated burglary. In February 2012, he was sentenced to 304 months in prison. He did not file a direct appeal of his convictions or sentences.

In April 2018, Gutierrez filed a one-page pro se postconviction motion requesting police investigative reports and statements of witnesses, and asking the district court to instruct the State to turn over certain documents pertaining to his case—police reports, statements of witnesses, and the incident report—to aid in the filing of a postconviction motion for relief. The district court denied his motion because Gutierrez failed "to provide any legal authority requiring postconviction discovery of materials that are available pre-trial." Gutierrez has timely appealed from the denial of his motion.

Gutierrez contends that the district court abused its discretion in denying his motion for postconviction discovery because he needed the documents requested to support the legal arguments he might present in a motion requesting posttrial relief. As his authority, Gutierrez cites three relevant cases. We will discuss each of those in turn.

The parties agree that the standard of review is abuse of discretion. In Gutierrez' first cited case, *State v. Matson*, 260 Kan. 366, 383-84, 921 P.2d 790 (1996), the Kansas Supreme Court reviewed a district court's ruling on a posttrial discovery request under an abuse of discretion standard of review. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court, (2) it is based on an error of law, or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015).

Gutierrez also cites to a decision of our Supreme Court which observed that "disclosure and post trial discovery may be necessary on certain occasions to insure due process, thus we do not categorically rule out the propriety of such a motion." *State v. Nirschl*, 208 Kan. 111, 116, 490 P.2d 917 (1971). But that same case warns that there must be more than speculation that the State's file contains information in support of the defendant's legal theory. In other words, due process does not require a fishing expedition. 208 Kan. at 116. It must be shown than the material sought would be potentially exculpatory. *Matson*, 260 Kan. at 383.

In *Matson*, at a hearing for a new trial Matson sought an independent examination of tape recordings of his statements to law enforcement because he believed the tapes had been altered. The district court denied the motion. The Kansas Supreme Court affirmed because Matson was unable to articulate what had been altered on the tapes, Matson had not shown what was removed would have been exculpatory, the trial judge noted no changes on the tapes, Matson would have been aware of any discrepancies at trial, and Matson had not shown the evidence would change the result of the trial. 260 Kan. at 383-84.

In *Nirschl*, the defendant filed a postconviction motion for an in camera inspection of the State's file. The Supreme Court upheld the district court's denial of the motion because the defendant did not show that the State's file contained information in support of his theory of entrapment. 208 Kan. at 116.

In the third case cited by Gutierrez, *State v. Riis*, 39 Kan. App. 2d 273, 178 P.3d 684 (2008), a law enforcement officer submitted an affidavit in support of a search warrant in which the officer claimed that a confidential informant had bought methamphetamine from Riis at Riis' residence. Based on that affidavit, the district court issued a search warrant and police searched his house and seized methamphetamine. Riis ultimately pled guilty to possessing the methamphetamine, as well as criminal possession

3

of a firearm and battery of a law enforcement officer. Before Riis was sentenced, the State received reports that the officer who swore out the affidavit for the search warrant had committed wrongdoing and the State subsequently informed the police department that it would no longer accept search warrants from him. Though Riis had not yet been sentenced, the State did not disclose the information about the errant officer to the defense.

After Riis was sentenced, a news release revealed that the Kansas Bureau of Investigation had been investigating the same officer. Riis filed a motion to withdraw his plea and a motion for production of the investigative reports on the officer. He then filed a motion for an in camera inspection requesting that the district court review the police department's records regarding this same officer and release any information material to his case. The State argued the records were not relevant to Riis' case. The district court denied the motions, but a panel of this court overruled that ruling. Our panel concluded that an in camera inspection was appropriate because there was no way to know whether the department's records concerning the officer's conduct were relevant to Riis' case without such an inspection. And the court concluded that if the records did contain evidence relevant to Riis' case, it might amount to a manifest injustice to refuse to allow him to withdraw his plea. 39 Kan. App. 2d at 278.

Here, we believe Gutierrez' motion is more akin to the motions in *Nirschl* and *Matson* than to the one described in *Riis.* Gutierrez stated only that he wanted the records to support "his efforts to seek post-trial relief, the above information is vital to his presentation of the facts as they pertain to legal arguments he may present in such filings for post-trial relief." He did not specify what he believed he would find in the records or what legal arguments he intended to make. His motion is clearly the kind of fishing expedition which the decisions in *Matson* and *Nirschl* have forbidden. It is merely speculation that there would be anything in the records to support some hypothetical legal argument Gutierrez might make. There is no pending posttrial proceeding. And he has

4

not shown that the records would be potentially exculpatory or would alter the outcome of his case. In *Riis*, by contrast, the defendant wanted an in camera inspection of specific records to support his motion to withdraw his plea based on the reported misconduct of the officer who had filed the affidavit supporting the search warrant in his case. Gutierrez has not come close to this standard.

Gutierrez has not shown that the district court abused its discretion by denying his motion.

Affirmed.