IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,650

STATE OF KANSAS,
*Appellee*,

v.

ELGIN R. ROBINSON JR.,
*Appellant*.

SYLLABUS BY THE COURT

K.S.A. 2015 Supp. 60-237 does not permit postconviction discovery in a criminal case.

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed January 11, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, argued the cause and was on the briefs for appellant, and *Elgin R. Robinson Jr.*, appellant pro se, was on a supplemental brief.

*Lesley A. Isherwood*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

ROSEN, J.: Elgin Robinson Jr. appeals the district court's denial of his postconviction motion to compel discovery. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, a Sedgwick County jury convicted Elgin Robinson Jr. of capital murder, rape, aggravated kidnapping, aggravated indecent liberties with a minor, and violation of a protection from abuse order. The district court sentenced him to life imprisonment without parole plus 247 additional months. Robinson appealed, and this court affirmed his convictions. *State v. Robinson*, 293 Kan. 1002, 270 P.3d 1183 (2012). On May 18, 2012, Robinson filed a motion under K.S.A. 60-1507 arguing ineffective assistance of counsel. The district court denied the motion after a nonevidentiary hearing, and the Court of Appeals affirmed. *Robinson v. State*, No. 111,923, 2016 WL 1169381 (Kan. App. 2016) (unpublished decision), *review denied* 306 Kan. 1320 (2017).

In 2015, Robinson filed a pro se "motion to compel exculpatory discovery pursuant to K.S.A. 60-237 and Brady/Giglio rules." Robinson argued that the State had withheld information suggesting that a witness who testified against him—Detective Timothy Relph—was not credible.

In response to Robinson's motion, the State noted that K.S.A. 2015 Supp. 22-3212, not K.S.A. 2015 Supp. 60-237, governs discovery in criminal cases and does not address any duty to disclose information in a postconviction setting. The State acknowledged that under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and *Giglio v. United States*, 405 U.S. 150, 153-55, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), the State has a continuing duty to disclose evidence favorable to the defense, even after conviction, if the State knew of that evidence during trial. However, the State argued that it had no "*Brady/Giglio*" information regarding Detective Relph and, therefore, Robinson's motion was meritless.

The district court denied Robinson's motion. It concluded that, "[b]ecause the State is not in possession of any information covered by Defendant's Motion, there is no information for the Court to order the State to produce."

Robinson moved for reconsideration. In this pro se motion, Robinson asked the district court to conduct an in camera review of Relph's personnel file to determine whether the file contained "information that is deemed Brady/Giglio material." Robinson alleged that Relph had lied under oath at a federal trial and that the State did not disclose the information.

Again, the district court denied Robinson's motion. The judge observed that Robinson had cited no rule of criminal procedure allowing for "a post-conviction motion for *Brady/Giglio* information of a witness who had testified in the Defendant's underlying trial." It concluded that, if Robinson had been improperly denied such evidence during trial, his remedy was a direct appeal or motion under K.S.A. 60-1507. Furthermore, the court ruled, the State "averred that it had no *Brady/Giglio* information regarding Detective Relph," and Robinson's allegations of perjury, without something more specific, was not enough "to rebut the State's affirmative claim that no such *Brady/Giglio* information exists . . . ."

Robinson appealed the ruling to this court.

ANALYSIS

Robinson invoked K.S.A. 2015 Supp. 60-237 as authority for his postconviction motion for discovery. The district court denied relief in part because it concluded Robinson had not cited authority for such relief.

3

This issue requires interpretation of K.S.A. 2015 Supp. 60-237. We review issues of statutory interpretation de novo. *State v. Brosseit*, 308 Kan. 743, 748, 423 P.3d 1036 (2018).

K.S.A. 2015 Supp. 60-237(a)(1) provides that,"[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." The statute directs the movant to file the motion "in the court where the *action is pending*." (Emphasis added.) K.S.A. 2015 Supp. 60-237(a)(2). The statute then details when a party may file a motion, depending on whether the party seeks disclosure of witnesses, answers, designations, production, or inspection. K.S.A. 2015 Supp. 60-237(a)(3). With regard to production or inspection, the statute provides that a party may move for an order compelling these actions when it has requested production or inspection under K.S.A. 2015 Supp. 60-234 and the other party has failed to comply. K.S.A. 2015 Supp. 60-237(a)(3)(B)(iv).

Nothing in this statute permits a postconviction motion to compel discovery in a criminal case. There was no pending action here, and Robinson never moved for an order compelling production or inspection under K.S.A. 2015 Supp. 60-234. At oral argument, Robinson conceded that K.S.A. 2015 Supp. 60-237 does not authorize the relief he seeks. Accordingly, we affirm the district court's decision denying relief.

The district court is affirmed.