No. 118,875

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSE J. MUNDO-PARRA,
*Appellant*.

SYLLABUS BY THE COURT

1.

Postconviction discovery sought by the defendant should be allowed when the defendant shows that it is necessary to protect substantial rights. To get discovery, the defendant must make a good-cause showing by identifying the specific subject matter for discovery and explaining why discovery about those matters is necessary to protect substantial rights.

2.

An appellate court reviews the district court's ruling on a request for postconviction discovery only for abuse of discretion.

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed March 27, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., LEBEN, J., and BURGESS, S.J.

LEBEN, J.: Jose Mundo-Parra pleaded no contest in 2005 to the kidnapping and rape of a Wichita woman. In 2017, still serving his prison sentence, he asked that prosecutors be required to provide him the State's investigatory files in the case, including anything that might show his innocence. The district court denied that request.

Kansas doesn't have a statute or court rule authorizing what lawyers call discovery—requests for information from other parties—after a criminal conviction. But Kansas courts have recognized that discovery may be required when the defendant's substantial rights are at stake.

Here, though, Mundo-Parra confessed to his crimes, the victim identified him, and Mundo-Parra said at his sentencing that he was "sorry for what I did" and that he "accept[ed] responsibility" for his crimes. He has not shown that any of his substantial rights require discovery, and we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

At about six in the morning one day in August 2004, a woman called Wichita police from the parking lot of a fast-food establishment. She told them that she had been abducted earlier that morning when she was trying to place a phone call at a pay phone outside another business in the area. She described the suspect, gave police the license-plate number from the car he had been driving, and even told them where the man had said he lived—he had told her where in the area he lived when he first tried to get her to come into his car voluntarily.

When she didn't get into the car, the man had followed her as she ran to another business, grabbed her, and hit her several times in the face. He threw her to the pavement. And when she briefly got away, he hit her again several times in the face and forced her

2

into his car. He then took her away before forcing her to give him oral sex and repeatedly raping her. The man threatened to kill her several times during the two hours that he held her. He eventually let her out of the car, and she called police.

Given her description of his car and license plate—as well as a general understanding of where he lived—police quickly located Mundo-Parra. They had him come outside his apartment building, and the victim confirmed he was the man who had kidnapped and raped her. A police detective then interviewed Mundo-Parra (after giving him *Miranda* warnings). Mundo-Parra admitted that he had seen the victim walking down the street, decided he wanted to have sex with her, forced her into his car, held her against her will for about two hours, hit her, threatened to kill her, forced her to perform oral sex on him, and raped her.

In 2005, Mundo-Parra pleaded no contest to one count of aggravated kidnapping, one count of rape, and one count of criminal threat. At his plea hearing, a prosecutor summarized the facts we have just reviewed. Neither Mundo-Parra nor his attorney disagreed with any of those facts, and Mundo-Parra told the court that he understood that by pleading no contest he would "have no capacity to take an exception or to contest the summary of facts just now provided."

At sentencing, Mundo-Parra asked for a shorter sentence than provided by our state's sentencing guidelines. In a written motion supporting that request, his attorney said that Mundo-Parra had "accepted responsibility for and is showing remorse for[] his actions in this matter." The motion said that Mundo-Parra had "committed these offenses while under the influence of narcotics." Mundo-Parra personally told the court: "I just say I am sorry for what I did, I accept responsibility, and I would just ask for the least sentence possible."

The court found that Mundo-Parra had committed "a vicious, violent attack" on the woman and gave him the highest guideline sentence on both the rape and aggravated-kidnapping convictions, 165 months for each, to be served consecutively. The court also sentenced Mundo-Parra to 7 months for criminal threat but made that sentence concurrent with the others, so his controlling sentence is 330 months in prison.

Mundo-Parra did not appeal his sentence. Nor has he moved to withdraw his no-contest pleas. But in 2017, he filed a written request asking that the State be ordered to give him all of the witness statements police had gathered, the results of all examinations or tests, any evidence that might impeach the credibility of any of the witnesses against him, and any materials that might tend to show his innocence.

The district court denied Mundo-Parra's request, and he appealed to our court.

JURISDICTION

The State suggests that we lack jurisdiction over the appeal because Mundo-Parra didn't file his notice of appeal within 30 days of the district court's denial of his request. See K.S.A. 2019 Supp. 60-2103(a). But the time for filing an appeal does not begin to run if the court fails to give notice of the ruling to a party and the party isn't aware of it. See *McDonald v. Hannigan*, 262 Kan. 156, 163-64, 936 P.2d 262 (1997). Here, the district court entered its order electronically, and there's no record in the district court's file that the court clerk mailed a copy of the order to Mundo-Parra. He made several requests asking the court to rule after the court actually had first done so, and he filed the notice of appeal well within 30 days of the district court's denial of his last request for a ruling (which noted that his original request had been made more than 150 days earlier). We find no jurisdictional hurdle to considering this appeal in the State's argument.

4

We should perhaps note one potential jurisdictional argument that the State did not make since we have a duty to question our own jurisdiction. *State v. Tims*, 302 Kan. 536, 540, 355 P.3d 660 (2015). For us to have proper jurisdiction, the district court must also have had jurisdiction to consider Mundo-Parra's discovery request. See *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 456, 284 P.3d 337 (2012). He filed the request in his criminal case, but there was no pending motion before the court (such as a motion for a new trial). Nor did Mundo-Parra file a separate civil action challenging his confinement for which discovery might be needed. With no pending motion in the criminal case and no pending civil action challenging his confinement, one might question whether there's any statutory authority to allow discovery. But Kansas district courts "have general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law." K.S.A. 20-301. Because there's no statute governing postconviction discovery, there's no statutory limit on the district court's general jurisdiction over it. See *City of Overland Park v. Niewald*, 258 Kan. 679, 681-82, 907 P.2d 885 (1995); *In re A.A.*, 51 Kan. App. 2d 794, 803-04, 354 P.3d 1205 (2015). Consistent with that rule, the Kansas Supreme Court did not question its jurisdiction to determine whether a district court had properly denied discovery in a similar postconviction criminal-case setting. See *State v. Robinson*, 309 Kan. 159, 432 P.3d 75 (2019). We conclude that the district court had jurisdiction to consider Mundo-Parra's request.

ANALYSIS

While the factual and procedural history we've set out is straightforward, the law that applies to Mundo-Parra's request is a bit murky. There are provisions in criminal cases that provide for limited discovery by the defendant. See K.S.A. 2019 Supp. 22-3212; K.S.A. 2019 Supp. 22-3213. But we understand those provisions to apply only *before* trial (or, as here, conviction through a plea). Mundo-Parra brought his discovery request 12 years after his conviction. No provision in the Kansas Code of Criminal Procedure covers postconviction discovery.

5

A statute or court rule could provide guidance; such a statute or rule could provide for discovery in situations in which it's merely good policy to provide for it although not legally required. See K.S.A. 2019 Supp. 21-2512 (providing when postconviction DNA testing may be ordered). In addition, a statute or rule could address a prosecutor's duty, if any, to provide exculpatory information to the defendant after conviction. Compare American Bar Association Model Rule 3.8(g) (providing that prosecutors must disclose "new, credible and material evidence creating a reasonable likelihood that a convicted defendant did not commit an offense of which the defendant was convicted") with KRPC 3.8 (2019 Kan. S. Ct. R. 359) (lacking any specific provision about a prosecutor's postconviction disclosure duties). With no statute or rule, however, we begin our analysis with a review of past Kansas cases about postconviction discovery.

Most of the time, postconviction challenges to a person's conviction or sentence are made in a habeas corpus action. That's a civil case in which the defendant can seek release from confinement. See K.S.A. 2019 Supp. 60-1507. And while the Kansas Rules of Civil Procedure usually apply to civil cases, Kansas Supreme Court Rule 183(a)(2) (2019 Kan. S. Ct. R. 229) provides that they apply in postconviction habeas cases only "to the extent the rules are applicable." Our court has held that civil discovery rules don't generally apply in postconviction habeas cases. *LaPointe v. State*, 42 Kan. App. 2d 522, 551, 214 P.3d 684 (2009); see also *White v. Shipman*, 54 Kan. App. 2d 84, 89-93, 396 P.3d 1250 (2017). Consistent with that view, the Kansas Supreme Court said (in a case in which the appellant conceded the point) that one specific statute, the civil-procedure rule for document production, doesn't apply to a motion seeking postconviction discovery in a criminal case. *Robinson*, 309 Kan. 159, Syl.

As was true in *Robinson*, Mundo-Parra hasn't filed a civil habeas case; he has merely filed a request for a discovery order in the criminal case in which he was convicted. So we must determine as a general matter—in the absence of a statute or court

6

rule specifically authorizing it—whether a convicted defendant has some postconviction right to discovery and, if so, whether that right applies to Mundo-Parra's request.

The published Kansas appellate opinions discussing postconviction discovery in a criminal case suggest a limited right to discovery when necessary to protect a defendant's due-process rights.

In *State v. Nirschl*, 208 Kan. 111, 116, 490 P.2d 917 (1971), our Supreme Court said it was "arguable . . . that disclosure and post trial discovery may be necessary on certain occasions to insure due process." But the court found the request at issue was more of a fishing expedition than a targeted request related to a serious issue and affirmed the district court's denial of discovery. 208 Kan. at 116.

In *State v. Riis*, 39 Kan. App. 2d 273, Syl. ¶ 3, 178 P.3d 684 (2008), our court deleted the "arguable" language from *Nirschl*; we stated this rule: "Posttrial discovery in a criminal case may be necessary on certain occasions to ensure due process." But our court in *Riis* did more than eliminate a bit of language; it ordered some discovery—an initial review of certain documents by the trial judge. *Riis* makes clear, then, that our courts will in some cases allow postconviction discovery to protect a defendant's rights.

In *Riis*, the police officer who obtained the search warrant had been found to have presented non-credible information in other cases, leading to the dismissal of 27 cases. Our court said that Riis was entitled to have the trial judge review the materials related to the officer to see whether anything in the investigation suggested impropriety in Riis' case. If it did, we said, the material would be provided to the defendant because "it may amount to a manifest injustice not to allow Riis to withdraw his plea." 39 Kan. App. 2d at 278. That was another way of saying that the information might affect Riis' substantial rights because, under K.S.A. 2019 Supp. 22-3210(d)(2), a defendant may withdraw the plea even after sentencing if necessary to prevent manifest injustice. At least in that

circumstance, our court held in *Riis*, due process required some limited discovery to make sure the defendant's substantial rights were protected.

With so little Kansas caselaw on this point, we have also looked elsewhere for additional guidance. The United States Supreme Court has said that "[a] habeas petitioner . . . is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). But a federal rule for habeas cases provides a right of discovery when supported by "good cause." Rule 6(a), Rules Governing Section 2254 Cases. Under that rule, good cause is shown when "discovery would assist the court to resolve a factual dispute that, if resolved in petitioner's favor, would entitle him to relief." 7 LaFave, Israel, King & Kerr, Criminal Procedure § 28.7(d) (4th ed. 2015). In other words, good cause exists when the discovery relates to a factual matter that could affect the defendant's substantial rights. See Black's Law Dictionary 1584 (11th ed. 2019) (defining a "substantial right" as "[a]n essential right that potentially affects the outcome . . . and is capable of legal enforcement").

Many states have rules or statutes providing for limited postconviction discovery. E.g., Alaska R. Crim. Pro. 35.1(g); Cal. Penal Code § 1054.9; Mont. Code Ann. § 46-21-201(4); Pa. R. Crim. Pro. 902(E). In states that have no rule or statute, courts generally say that it's within the trial court's discretionary authority to order postconviction discovery when good cause to do so is shown. E.g., *Woodward v. State*, 276 So. 3d 713, 734-35 (Ala. Crim. App. 2018); *Cabrera v. State*, 173 A.3d 1012, 1032-33 (Del. 2017); *Rodriguez v. State*, 919 So. 2d 1252, 1279 (Fla. 2005); *People ex rel. Daley v. Fitzgerald*, 123 Ill. 2d 175, 183-84, 526 N.E.2d 131 (1988); *State v. Marshall*, 148 N.J. 89, 270, 690 A.2d 1 (1997); *Personal Restraint of Gentry*, 137 Wash. 2d 378, 390-91, 972 P.2d 1250 (1999). Most of these courts say that the trial court has inherent authority to order this discovery. *Cabrera*, 173 A.3d at 1032-33; *Rodriguez*, 919 So. 2d at 1279; *Fitzgerald*, 123 Ill. 2d at 183-84; *Marshall*, 148 N.J. at 269-70. Allowing at least some discovery seems to be the rule: In deciding that some postconviction discovery should be allowed, the

Nebraska Supreme Court concluded that a rule that "prevented prisoners from seeking any discovery at the postconviction stage[] would make Nebraska unique among American jurisdictions." *State v. Jackson*, 275 Neb. 434, 452, 747 N.W.2d 418 (2008).

Although Idaho has a rule allowing some discovery, that rule is so limited that the scope of discovery has been determined by caselaw. The Idaho rule says that normal civil discovery does *not* apply "except as and only to the extent ordered by the trial court." Idaho R. Crim. Pro. 39(b). Much like in Kansas, that has left it up to the courts to decide the limited circumstances in which discovery would occur. The Idaho Supreme Court has decided that "discovery is required when a petitioner demonstrates it is necessary to protect his substantial rights." *State v. Abdullah*, 158 Idaho 386, 482, 348 P.3d 1 (2015). As our Supreme Court said in *Nirschl*, 208 Kan. at 116, fishing expeditions aren't allowed. *Abdullah*, 158 Idaho at 482. But where the habeas petitioner "'identif[ies] the specific subject matter where discovery is requested and why discovery as to those matters is necessary,'" Idaho courts allow it when the discovery relates to the petitioner's substantial rights. 158 Idaho at 482.

We think the rules set out in *Abdullah*, which are consistent with other cases around the country, also reflect the same principles that guided the Kansas decisions in *Nirschl* and *Riis*. *Abdullah* also fits well with another Kansas case, *State v. Matson*, 260 Kan. 366, 921 P.2d 790 (1996). There, to support a new-trial motion, the defendant sought a postconviction examination of the tape recordings of the defendant's statements to police to see if the tapes had been altered. But the court said the defendant hadn't put forth a clear statement of what might have been altered on the tapes. 260 Kan. at 383-84. In essence, with no showing of what might have been altered "or that there was a likelihood that the evidence would change the result of the trial," the defendant hadn't shown that discovery was necessary to protect a substantial right. 260 Kan. at 384.

We conclude that postconviction discovery should be allowed when the defendant shows that it is necessary to protect substantial rights. To get discovery, the defendant must make a good-cause showing by identifying the specific subject matter for discovery and explaining why discovery about those matters is necessary to protect substantial rights.

With that test now established, we conclude that Mundo-Parra has not met it. While he has identified the materials he seeks, he has simply listed just about everything that might have been collected in his case. It's a classic fishing expedition, with no stated connection to any claim that could lead to setting aside either his no-contest pleas or his convictions.

As we already noted in the factual section of our opinion, Mundo-Parra not only confessed to these crimes to a police detective, but he also told the court at sentencing that he accepted responsibility for having committed them. He has made no suggestion that his confession was untrue, and there's ample evidence to confirm it. The victim gave police the license-plate number for Mundo-Parra's car, and she identified Mundo-Parra as the rapist.

All of the factual information we've recited about the case comes from the court file as it existed when Mundo-Parra entered his no-contest pleas and was sentenced. We've relied on an affidavit from the police detective who interviewed Mundo-Parra and the transcripts of his plea and sentencing hearings. While we recognize that Mundo-Parra may not have these documents in his prison cell today, he was present for the plea hearing and sentencing, and at least the attorney who represented Mundo-Parra had access to the detective's affidavit before Mundo-Parra entered his pleas. There's simply no suggestion in our record or in Mundo-Parra's request for discovery that there is any substantive reason that either his pleas or his convictions should be questioned in any

way. In sum, he has not explained why any discovery is necessary to protect his substantial rights.

We review a district court's decision to grant or deny postconviction discovery only for abuse of discretion. *Riis*, 39 Kan. App. 2d 273, Syl. ¶ 3. We find no abuse of discretion here.

We affirm the district court's judgment.