NOT DESIGNATED FOR PUBLICATION

No. 122,792

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK D. WAGGONER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jefferson District Court; GARY L. NAFZIGER, judge. Opinion filed June 11, 2021. Appeal dismissed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, of Topeka, for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and MCANANY, S.J.

PER CURIAM: Mark Waggoner, serving a prison sentence for aggravated indecent liberties with a child, appeals the denial of his postconviction request for DNA testing. We will not review the merits of his appeal because recent Supreme Court precedent convinces us that since Waggoner is neither convicted of murder in the first degree nor rape, and his crime is not arguably indistinguishable from rape, he does not qualify for DNA testing under the statute. The district court should have dismissed his request. As a result, we dismiss his appeal.

1

*We examine a question of jurisdiction.*

In the district court the parties did not dispute that Waggoner's conviction qualified for postconviction DNA testing under K.S.A. 2020 Supp. 21-2512(a). The parties and the court assumed it did, and the court denied the petition on its merits. Because of that, Waggoner contends that the State failed to preserve this argument. And because the State has not argued for any exception to the general rule against raising issues for the first time on appeal, Waggoner urges us to instead rule only on the merits of his claim.

We think this is a question of subject matter jurisdiction. Subject matter jurisdiction is a "courts' statutory or constitutional power to adjudicate [a] case." *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002). The Kansas Constitution provides that district courts have jurisdiction over cases "as provided by law." Kan. Const. art. 3, § 6(b). And under K.S.A. 2020 Supp. 21-2512(a), a court has statutory authority to order postconviction DNA testing only if the petitioner qualifies under the statute. So if Waggoner does not qualify—which the State alleges here—the district court would have no statutory authority to adjudicate the case. In other words, it would lack jurisdiction. Cf. *State v. Mundo-Parra*, 58 Kan. App. 2d 17, 20, 462 P.3d 1211, (2020), *rev. denied* 312 Kan. 899 (2020).

And we have a duty to question jurisdiction, even if raised for the first time on appeal. When either the district court or the appellate court lacks jurisdiction, the appellate court must dismiss the appeal. *In re Care & Treatment of Emerson*, 306 Kan. 30, 33, 392 P.3d 82 (2017). So, despite Waggoner's argument about preservation, we must address whether his conviction qualifies him for postconviction DNA testing under K.S.A. 2020 Supp. 21-2512(a).

*Why we think we have no jurisdiction.*

The text of K.S.A. 2020 Supp. 21-2512(a) permits only those persons convicted of "murder in the first degree" or "rape" to petition the sentencing court for DNA testing. But some cases have extended the statute to cover other convictions in response to equal protection challenges. For example, in *State v. Denney*, 278 Kan. 643, 653-54, 101 P.3d 1257 (2004), the court held that K.S.A. 21-5212 permits DNA retests for some people convicted of aggravated criminal sodomy based on equal protection. Waggoner, who was convicted of aggravated indecent liberties with a child, relies on that caselaw and another case.

In his petition and opening appellate brief, Waggoner cites this court's 2015 decision in *State v. Kelsey*, 51 Kan. App. 2d 819, 356 P.3d 414 (2015). In that case, the panel held that a person who, like Waggoner, was sentenced under Jessica's Law to a hard 25 life sentence for aggravated indecent liberties with a child under the age of 14 may bring a petition under K.S.A. 21-2512(a) on equal protection grounds. 51 Kan. App. 2d at 819-20. That was because the hard 25 sentence made the person similarly situated to some people convicted of rape or aggravated criminal sodomy—who could bring a K.S.A. 21-2512 petition—and the panel found that the State had no rational basis for treating similarly situated people differently. 51 Kan. App. 2d at 827-829.

But latter cases have cast a shadow on the ruling in *Kelsey*. We doubt that it is still good law. *Kelsey* held that persons receiving comparable or identical sentences were similarly situated for the purpose of an equal protection challenge to K.S.A. 21-2512 based on *State v. Cheeks*, 298 Kan. 1, 310 P.3d 346 (2013) (*Cheeks I*). *Kelsey*, 51 Kan. App. 2d at 825-26. In *Cheeks I*, the court held that some persons convicted of second-degree murder were similarly situated to persons convicted of first-degree murder. That was because both received a sentence of 15 years to life under the presentencing guideline system. 298 Kan. at 7.

3

But in *State v. LaPointe*, 309 Kan. 299, 318, 434 P.3d 850 (2019), the Kansas Supreme Court "overrule[d] *Cheeks I* to the extent it held the sentence imposed determines whether an offender is similarly situated to a person to whom postconviction DNA testing is statutorily available." Then just recently the Supreme Court explained that the holding in *LaPointe* went beyond the facts in that case and "explicitly overruled the punishment-based approached" for determining whether a petitioner was similarly situated for an equal protection challenge to K.S.A. 2020 Supp. 21-2512. *State v. Cheeks*, 313 Kan. ___, 482 P.3d 1129, 1134 ( 2021) (*Cheeks II*). Because *Kelsey* takes a punishment-based approach, it no longer reflects the current caselaw on equal protection challenges to K.S.A. 2020 Supp. 21-2512.

In *LaPointe* and *Cheeks II*, the court instead endorsed what it called the "elements approach" set forth in *Denney*. *LaPointe,* 309 Kan. at 319; *Cheeks II*, 482 P.3d at 1133. Under that approach, a person is similarly situated to a person who is statutorily entitled to bring a K.S.A. 21-2512 petition only if, under the facts of the case, the petitioner's conviction is "arguably indistinguishable" from one of the statute's enumerated offenses. *LaPointe,* 309 Kan. Syl. ¶ 5; *Cheeks II*, 482 P.3d at 1133.

Under that approach, Waggoner cannot bring a K.S.A. 21-2512 petition. Waggoner was convicted of aggravated indecent liberties with a child under K.S.A. 2009 Supp. 21-3504(a)(3)(A). That crime is the nonconsensual lewd fondling or touching of a child under the age of 14 by a person over the age of 18 done with the intent to arouse or satisfy sexual desires. See K.S.A. 2009 Supp. 21-3504(a)(3)(A). Waggoner was charged with the offense because he licked the vaginal area of a young girl. That offense is distinguishable from first-degree murder, one of the enumerated crimes in K.S.A. 2020 Supp. 21-2512. It is closer, yet still distinguishable, from the other enumerated crime, "rape as defined by K.S.A. 21-3502, prior to its repeal, or K.S.A. 2020 Supp. 21-5503." K.S.A. 2020 Supp. 21-2512(a). An element of rape is "sexual intercourse," which the criminal code defines as "any penetration of the female sex organ by a finger, the male

4

sex organ or any object." See K.S.A. 2020 Supp. 21-5501(1)(a) (defining sexual intercourse); K.S.A. 2020 Supp. 21-5503(a) (defining rape). Waggoner did not have sexual intercourse with the victim, so his crime is not "arguably indistinguishable" from rape.

Because *Kelsey* is no longer good law, and because Waggoner's crime was not "arguably indistinguishable" from rape, one of the enumerated crimes in K.S.A. 2020 Supp. 21-2512, Waggoner is not similarly situated to a person whose conviction entitles them to bring a K.S.A. 21-2512 petition. Waggoner's conviction therefore does not qualify under the DNA testing statute, and the district court had no statutory authority to consider the merits of his position.

Appeal dismissed for lack of subject matter jurisdiction.