IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 123,034

STATE OF KANSAS,
*Appellee*,

v.

RICKEY MARKS,
*Appellant*.

SYLLABUS BY THE COURT

Neither K.S.A. 2020 Supp. 22-3212 nor K.S.A. 2020 Supp. 22-3213 permit postconviction discovery in a criminal case.

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed July 2, 2021. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph Desch, of Topeka, was on the brief for appellant.

*Daniel G. Obermeier,* assistant district attorney*, Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.: Rickey Marks seeks personal copies of records the State made available to his attorney more than a decade ago during criminal proceedings that led to his conviction of first-degree premeditated murder. The district court denied Marks' pro se and barebones postconviction motion to compel the production of those records, and

1

he brought this appeal. Before us, now represented by counsel, Marks cites K.S.A. 2020 Supp. 22-3212 and K.S.A. 2020 Supp. 22-3213 as authority for his motion to compel. But neither K.S.A. 2020 Supp. 22-3212 nor K.S.A. 2020 Supp. 22-3213 permit postconviction discovery in a criminal case. We thus reject his arguments and affirm the district court's denial of Marks' motion to compel discovery.

FACTS AND PROCEDURAL BACKGROUND

Marks has litigated the question of whether he is entitled to a copy of the discovery materials throughout this case. Before his trial on the first-degree premeditated murder conviction, he asked the trial court judge to require the State give him his own copy of discovery materials and witness statements. The State objected, noting it had an open-file discovery policy and was giving Marks' trial counsel full access to its records. The trial judge denied Marks' request for a personal copy of the discovery. On the record, Marks' counsel told the judge the defense team would review and discuss all the discovery material with Marks.

A trial followed, and a jury convicted Marks of first-degree premeditated murder. A judge sentenced Marks to a hard 25 life sentence, and Marks appealed to this court. In that appeal, he argued, among other issues, that the trial judge erred when the judge ruled that Marks was not entitled to a personal copy of the discovery. He based this allegation on both statutory and constitutional grounds.

We agreed with his argument in part. We found merit in his statutory argument: "Under the plain language of K.S.A. 22-3212 and K.S.A. 22-3213, the defendant is entitled to personal copies of certain discovery upon request." *State v. Marks*, 297 Kan. 131, Syl. ¶ 7, 298 P.3d 1102 (2013). But we rejected Marks' argument that he had a

2

constitutional right to personal copies. We noted "'[t]here is no general constitutional right to discovery in a criminal case.'" 297 Kan. at 149 (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S. Ct. 837, 51 L. Ed. 2d 30 [1977]). As to Marks' argument that the judge's ruling infringed on his constitutional right to meaningfully participate in his own defense, we held that he failed to support that argument. First, he did "not articulate how his participation was actually impeded when he otherwise had the opportunity to review the information with his attorney." 297 Kan. at 148. Second, he failed to "cite any authority which would support his theory of constitutional infringement." 297 Kan. at 148. After discussion of relevant caselaw, we held that "[a] defendant's right to assistance in his or her defense does not translate to a constitutional right to personal copies of discovery, particularly when that discovery was already provided to his or her attorney." 297 Kan. at 149 (citing *United States v. Shrake*, 515 F.3d 743, 745 [7th Cir. 2008]; *State v. Deavers*, 252 Kan. 149, 158, 843 P.2d 695 [1992], *cert. denied* 508 U.S. 978 [1993]; *People v. Davison*, 292 Ill. App. 3d 981, 988, 686 N.E.2d 1231 [1997]).

We then turned to the question of whether the violation of Marks' statutory right to have a copy of the discovery was harmless. We noted that the State's open file policy allowed Marks' attorneys access to discovery that met or exceeded the requirements of the criminal discovery statutes. And Marks did not allege his defense was compromised by any failure to obtain copies or that his counsel failed to review discovery with him. We thus held there was no reasonable probability the district court's erroneous interpretation of K.S.A. 22-3212 and K.S.A. 22-3213 affected the trial's outcome. In other words, the statutory error was harmless. *Marks*, 297 Kan. at 150.

About five years later, Marks renewed his effort to get personal copies of the discovery—this time through a postconviction motion filed under K.S.A. 60-1507. The district court held a full evidentiary hearing before denying relief. The Court of Appeals

affirmed. *Marks v. State*, No. 115,444, 2017 WL 2494990 (Kan. App. 2017) (unpublished opinion).

Marks also pursued habeas relief in federal court. The federal district court dismissed Marks' petition in part and denied it in part. See *Marks v. Cline*, No. 5:18-CV-03065-HLT, 2020 WL 1812267 (D. Kan. 2020) (unpublished opinion). Marks appealed to the Tenth Circuit, which recently denied his request for a certificate of appealability. *Marks v. Cline*, No. 20-3071, __ Fed. Appx. __, 2021 WL 1343673 (10th Cir. 2021) (unpublished opinion).

While the federal action was pending, Marks also persisted with repeated attempts to obtain postconviction discovery through motions filed in his state criminal case. His three most recent attempts were filed on June 8, June 30, and July 2, 2020. The district court denied all three.

The first request filed June 8 cited no authority for requesting the discovery. The sole basis for the request appears to be: "Without this discovery plaintiff will not be able to present me[ritor]ious issues to the US District Court 10th Circuit." The district court denied the motion on June 16, 2020; the order did not address the June 30 or July 2, 2020, motions. Marks filed a notice of appeal relating to "all issue[s] that were ruled on the motion to produce discovery filed *June 8, 2020*." (Emphasis added.) The Docketing Statement identified the subject of the appeal as the district court's ruling dated June 16, 2020. And Marks' brief confirms his appeal is limited to the June 16, 2020, district court order. Thus, although the history of the case involves several district court rulings, we restrict our consideration to Marks' June 8, 2020, motion that the district court denied on June 16, 2020.

4

As noted, Marks' pro se filing offered no authority for his request. But, through counsel, Marks' appellate brief argues K.S.A. 2020 Supp. 22-3212 and K.S.A. 2020 Supp. 22-3213 authorized the district court to grant his discovery request. Marks argues liberal construction of his pro se pleadings permits the court to consider this argument. We agree. See *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010).

ANALYSIS

Marks' appeal, as argued before us, thus hinges on whether K.S.A. 2020 Supp. 22-3212 and K.S.A. 2020 Supp. 22-3213 authorize a district court to order postconviction discovery. He recognizes that we have rejected arguments that authority for postconviction discovery arises from other statutes. For example, he cites to our holding in *State v. Robinson*, 309 Kan. 159, 161, 432 P.3d 75 (2019), that "'[n]othing in [K.S.A. 2015 Supp. 60-237] permits a postconviction motion to compel discovery in a criminal case.'"

In placing all his discovery eggs in the K.S.A. 2020 Supp. 22-3212 and K.S.A. 2020 Supp. 22-3213 basket, he notes that "'K.S.A. 22-3212 . . . sets out comprehensive notice and discovery requirements for the parties in criminal trials.' *State v. Edwards*, 299 Kan. 1008, 1015, 327 P.3d 469 (2014)." And "'[a] defendant may request discovery pursuant to K.S.A. 22-3212 and 22-3213.' *State v. Sherry*, 233 Kan. 920, 929, 667 P.2d 367 (1983)." Marks suggests these holdings mean that postconviction discovery is allowed by these statutes.

Marks' arguments ignore the plain language of these statutes. Yet the outcome of this appeal depends on whether, through the language in K.S.A. 2020 Supp. 22-3212 and K.S.A. 2020 Supp. 22-3213, the Legislature expressed an intent to allow postconviction

5

discovery. "To divine that intent, courts examine the language of the provision and apply plain and unambiguous language as written. If the Legislature's intent is not clear from the language, a court may look to legislative history, background considerations, and canons of construction to help determine legislative intent." *Jarvis v. Dept. of Revenue*, 312 Kan. 156, 159, 473 P.3d 869 (2020). This question of statutory interpretation presents an issue of law subject to our unlimited review. 312 Kan. at 159.

Both K.S.A. 2020 Supp. 22-3212 and K.S.A. 2020 Supp. 22-3213 are plain and unambiguous, at least as to the question of whether they authorize postconviction discovery. No provision explicitly allows a district court to order postconviction discovery. And both statutes include temporal limitations relating to the pretrial and trial phases of criminal proceedings. These temporal limitations exclude postconviction discovery.

K.S.A. 2020 Supp. 22-3213, the narrowest of the two statutes, relates to the discovery of witness statements. Its provisions are not triggered until the defense makes a request after a "witness has testified on direct examination at the preliminary hearing or in the trial of the case." K.S.A. 2020 Supp. 22-3213(a). Once the witness testifies and a discovery request is made, the statute makes clear the State must deliver the requested materials "directly to the defense for examination and use by the defense." K.S.A. 2020 Supp. 22-3213(b). The Legislature accommodated the potential disruption this sequencing and timing might cause by stating that the court could "recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of such statement by the defense and preparation for its use in the trial." K.S.A. 2020 Supp. 22-3213(c). These provisions reveal a legislative intent that the provisions be applied promptly and during the preliminary hearing or the trial.

K.S.A. 2020 Supp. 22-3212 relates to other materials—a defendant's statements, reports, test results, and other matters—that the defense and prosecution may discover and inspect on request of the other party. K.S.A. 2020 Supp. 22-3212(a)-(d). K.S.A. 2020 Supp. 22-3212 limits the statute's applicability to requests made before trial or, at the latest, during trial. For example, some provisions require expert reports or summaries of such reports be provided before trial. E.g., K.S.A. 2020 Supp. 22-3212(b)(2) (prosecuting attorney); K.S.A. 2020 Supp. 22-3212(c)(2) (defense attorney). And in subsection (h), the Legislature directed that the discovery "must be completed no later than 21 days after arraignment or at such reasonable later time as the court may permit." But the Legislature included an exception in subsection (i) if, "prior to or during trial, a party discovers additional material previously requested or ordered which is subject to discovery or inspection under this section." In that circumstance, "the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may enter such other order as it deems just under the circumstances." K.S.A. 2020 Supp. 22-3212(i). Each of these remedies relates to pretrial or trial proceedings.

Also, the word "discovery" is used throughout the provisions. See K.S.A. 2020 Supp. 22-3212(c), (d), (f), (g), (h), (i); K.S.A. 2020 Supp. 22-3213(a). Discovery is understood to relate to pretrial proceedings. See Black's Law Dictionary 584 (11th ed. 2019) ("The *pretrial phase of a lawsuit* during which depositions, interrogatories, and other forms of discovery are conducted." [Emphasis added.]). Consistent with this definition, K.S.A. 2020 Supp. 22-3212 and 22-3213 are aimed at discovery before or, at the latest, during a criminal trial for use *during trial*. Neither addresses postconviction discovery such as that sought here.

The caselaw cited by Marks further supports reading the statutes as applying to only pretrial and trial proceedings. He primarily relies on *State v. Mundo-Parra*, 58 Kan. App. 2d 17, 462 P.3d 1211, *rev. denied* 312 Kan. 899 (2020). *Mundo-Parra* is an apt case because Jose Mundo-Parra also sought postconviction discovery through motions in his criminal case. But Marks overlooks a sentence in *Mundo-Parra* that cuts against his attempt to seek discovery. In the overlooked passage, the Court of Appeals panel interpreted K.S.A. 2020 Supp. 22-3212 and K.S.A. 2020 Supp. 22-3213 "to apply only *before* trial . . . ." 58 Kan. App. 2d at 20-21.

Marks' trial concluded years ago. If K.S.A. 22-3212 and 22-3213 are limited to pretrial discovery, as the *Mundo-Parra* panel interpreted them to be, they do not support Marks' request for postconviction discovery. And we agree with the *Mundo-Parra* panel's conclusion that these statutes are limited to pretrial proceedings, or at the very latest production of discovery materials during trial.

Another case cited by Marks, *State v. Edwards*, 299 Kan. 1008, 327 P.3d 469 (2014), suggests a different reason for us to hold that K.S.A. 2020 Supp. 22-3212 and K.S.A. 2020 Supp. 22-3213 do not extend to postconviction discovery. Marks cites *Edwards* for the proposition that K.S.A. 2020 Supp. 22-3212 and K.S.A. 2020 Supp 22-3213 set out comprehensive notice and discovery requirements. But *Edwards* referenced this comprehensive scheme as applying to "the parties in *criminal trials*." (Emphasis added.) 299 Kan. at 1016. It did not recognize another context in which the scheme would apply.

Further, the holding, while not on point, suggests the Legislature did not intend the language of these statutes to be extended. In that holding, we rejected the defendant's argument that the State must comply with K.S.A. 60-226, which requires parties in civil

proceedings to provide notice of expert witnesses. In reaching this holding, we recognized that the code of civil procedure could apply in criminal proceedings if the code of criminal procedure includes no contrary provisions. But because the criminal code "sets out comprehensive notice and discovery requirements for the parties in criminal trials" we concluded that, "[i]f the legislature intended to require special expert witness requirements, it could have placed those requirements in K.S.A. 22-3212." 299 Kan. at 1016.

Likewise, because K.S.A. 2020 Supp. 22-3212 and K.S.A. 2020 Supp. 22-3213 set out comprehensive pretrial and trial discovery requirements but no postconviction discovery requirements we infer the Legislature intended no such discovery be allowed under the authority of these statutes.

In short, Marks cites no support for his theory that K.S.A. 2020 Supp. 22-3212 and K.S.A. 2020 Supp. 22-3213 apply to his motion for postconviction discovery. Before us, he cites no other basis for the discovery he now requests. We therefore affirm the district court's denial of Marks' motion to compel discovery.

Affirmed.