IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,737

STATE OF KANSAS,
*Appellee,*

v.

MEKA RICHARDSON,
*Appellant.*

SYLLABUS BY THE COURT

The party alleging an abuse of discretion bears the burden of establishing error.

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed December 30, 2022. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, was on the brief for appellant.

*Francis X. Altomare*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  In 1992, a jury convicted Meka Richardson of first-degree murder and aggravated robbery in the shooting death of Brenda Wassink. The jury rendered a belt-and-suspenders conviction, finding Richardson guilty of the first-degree murder on both theories presented by the State—first, premeditation; and second, felony murder committed during an aggravated robbery. During the sentencing phase, the jury

1

unanimously found specific aggravating factors not outweighed by specific mitigating factors. The district court sentenced Richardson to life in prison without the possibility of parole for 40 years.

In December 2021, Richardson filed a one-page letter with the Wyandotte County District Court requesting postconviction discovery of the ballistics report from her case. Richardson had filed a similar request for the ballistics report in 2020, which the district court denied. In denying the 2020 letter request, the district court applied the postconviction discovery test articulated by a panel of the Court of Appeals in *State v. Mundo-Parra*, 58 Kan. App. 2d 17, 24, 462 P.3d 1211 (2020). The district court again summarily denied Richardson's 2021 postconviction discovery request because she "still failed to state good cause and state[d] no statutory authority," though the district court also cited no specific standard.

Richardson appeals the district court's denial of her most recent request directly to our court. Jurisdiction is proper under K.S.A. 2021 Supp. 22-3601(b)(3) (appeal must be taken directly to Supreme Court when the maximum sentence of life imprisonment has been imposed).

Richardson alleges the district court erred by not granting her motion for postconviction discovery under the *Mundo-Parra* framework. But we decline to take up that issue in this case. Just as we said in *State v. Butler*, 315 Kan. 18, 20, 503 P.3d 239 (2022), "[w]e begin by stating what this opinion does not do. It does not endorse the rule established in *Mundo-Parra*, as [appellant] requests on appeal. Nor does it abrogate that holding." This is because here, even if there is a postconviction discovery right as set forth in *Mundo-Parra*, Richardson has not established that the district court abused its discretion by denying her motion. We therefore affirm the district court's order.

This court reviews lower court rulings on postconviction discovery for abuse of discretion. A district court abuses its discretion if no reasonable person could agree with its decision or if its exercise of discretion is founded on a legal or factual error. 315 Kan. at 21. The party alleging an abuse of discretion bears the burden of establishing error. 315 Kan. at 21.

This court has not articulated a definitive test for when and if postconviction discovery is appropriate. We have recognized, however, that postconviction discovery may be appropriate in certain limited circumstances. Fifty years ago, in *State v. Nirschl*, 208 Kan. 111, 116, 490 P.2d 917 (1971), we said it was "arguable . . . that disclosure and post trial discovery may be necessary on certain occasions to insure due process." The Court of Appeals has cited *Nirschl* and ordered postconviction discovery—an in-chamber review of the defendant's case to see whether anything related to one of the investigating officers seemed improper. *State v. Riis*, 39 Kan. App. 2d 273, 276-78, 178 P.3d 684 (2008).

More recently, the *Mundo-Parra* panel of the Court of Appeals held that in order to get discovery, a defendant must (1) make a good-cause showing by identifying the specific subject matter for discovery, and (2) then explain why discovery of those matters is necessary to protect substantial rights. 58 Kan. App. 2d at 24. The panel provided more context to this broad test by stating that a proper request should be targeted, as opposed to a "fishing expedition." 58 Kan. App. 2d at 25. Additionally, the defendant must indicate how the information would have changed the result of trial or called into question the conviction in more than a mere speculative way. 58 Kan. App. 2d at 24-25.

In February of 2022, we considered whether postconviction discovery would be appropriate in *Butler*. 315 Kan. at 20-21. We held Butler was not entitled to postconviction discovery, and we expressly declined to endorse or discredit the *Mundo-*

*Parra* test relied on by the Court of Appeals. We noted that even if *Mundo-Parra* was the correct standard, the district court did not abuse its discretion by denying Butler's motion. 315 Kan. at 21-24.

Just as in *Butler*, resolving Richardson's claim does not require us to either adopt or reject the *Mundo-Parra* test. Richardson's brief both fails to argue good cause for her request and fails to identify how the district court abused its discretion. Richardson does not claim any specific legal or factual error and does not allege that no reasonable judge would have denied her request. Richardson seems aware of this flaw, and asks us to deviate from *Butler*, though without arguing why *Butler* was wrongly decided or is distinguishable from her case.

Furthermore, Richardson does not allege that any information contained in the ballistics report would be exculpatory and she fails to identify any other reason the ballistics report may be relevant to a challenge to her conviction. Thus, even under our broad language in *Nirschl*, Richardson has failed to articulate how postconviction discovery might be necessary to insure her due process rights. 208 Kan. at 116.

Alternatively, Richardson argues that the right to "pursue a challenge to her conviction" should be considered a habeas corpus challenge. And because the writ of habeas corpus is a fundamental right, she should be afforded postconviction discovery so long as that discovery pertains to that action. Richardson's habeas corpus argument is unpreserved as it is raised for the first time on appeal. We decline to utilize a prudential exception to our preservation requirements in order to consider her claim. See *State v. Gutierrez-Fuentes*, 315 Kan. 341, 347, 508 P.3d 378 (2022) ("[B]efore invoking one of the limited exceptions, an appellate court must also determine whether the unpreserved issue is amenable to resolution on appeal. Even then, the decision to review an unpreserved claim under an exception is a prudential one; the court necessarily exercises discretion. Despite an exception supporting review of a new claim, an appellate court has

4

no obligation to do so. [Citations omitted.]"); *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017) ("[J]ust because an exception may permit review of an unpreserved issue, this alone does not obligate an appellate court to exercise its discretion and review the issue.").

Finding no error, the district court is affirmed.