IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 125,636

STATE OF KANSAS,
*Appellee*,

v.

MARCUS G. BUTLER,
*Appellant.*

SYLLABUS BY THE COURT

1.

A district court abuses its discretion if no reasonable person could agree with its decision or if its exercise of discretion is founded on a legal or factual error.

2.

The party alleging an abuse of discretion bears the burden of proving error.

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Submitted without oral argument September 11, 2025. Opinion filed November 21, 2025. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, was on the brief for appellant.

*Christopher L. Schneider*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WALL, J.: This appeal involves Marcus G. Butler's second motion for postconviction discovery under *State v. Mundo-Parra*, 58 Kan. App. 2d 17, 24, 462 P.3d

1

1211 (2020). In *Mundo-Parra*, the Court of Appeals held that defendants have a right to discovery after conviction if the requested material is needed to protect their substantial rights—meaning rights that could have affected the outcome of the trial.

The district court denied Butler's motion because he failed to make that showing. Butler now alleges that the district court abused its discretion. We disagree.

A jury convicted Butler of felony murder and two other offenses in connection with a 2014 home invasion. He claims that the State failed to disclose material favorable to his defense—that a crime-scene investigator (CSI) who testified at his trial had committed perjury. And he seeks materials related to the alleged perjury so he can bring a claim under *Brady* and *Giglio*. See *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) (State has positive duty to turn over evidence favorable to the defense); *Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972) (*Brady* applies to impeachment evidence for State's key witness).

But the CSI officer's testimony was not material to Butler's conviction. So the district court lawfully concluded that Butler failed to show how the requested material could have affected the outcome of the proceedings.

FACTS AND PROCEDURAL BACKGROUND

The facts underlying Butler's convictions are set out in detail in *State v. Butler*, 307 Kan. 831, 832-38, 416 P.3d 116 (2018). We mention only those facts germane to this appeal.

The State charged Butler with first-degree felony murder, attempted aggravated robbery, and conspiracy to commit aggravated robbery. The State's case relied heavily on

the testimony of three men who worked with Butler at a car dealership. They testified that Butler had broken into an apartment to rob one of the residents, but the robbery went awry. Butler shot one of the men visiting the apartment and then fled. One of Butler's coworkers assisted Butler in the failed robbery. And he testified against Butler as part of a plea agreement. Two other coworkers said Butler had tried to recruit them to participate in the robbery and later threatened to harm them if they spoke with police.

Officer Jackie Green also testified at Butler's trial regarding firearms evidence found at the scene. She said police recovered a .357 revolver, a .40-caliber semiautomatic, and several .32-caliber shell casings from the apartment. But no physical evidence tied Butler to the crime.

After a three-day trial, the jury convicted Butler on all charges. The district court sentenced him to life imprisonment without the possibility of parole for 20 years for his felony-murder conviction, plus another 64 months for his other convictions.

Several years later, Butler filed a postconviction-discovery motion under *Mundo-Parra*. He requested the cellphone numbers and service providers for two coworkers that testified against him. He also asked for the apartment residents' original statements to police. The district court denied the motion. We affirmed the district court because Butler failed to explain how the requested discovery was needed to protect his substantial rights. *State v. Butler*, 315 Kan. 18, 23, 503 P.3d 239 (2022).

While the appeal from the first postconviction-discovery motion was still pending, Butler filed a second *Mundo-Parra* motion in district court. He alleged that Officer Green had committed perjury in federal court. And despite knowing about it, the State had failed to disclose this impeachment evidence before Butler's trial. Butler requested all documents and communications related to Officer Green's alleged perjury. He argued that

Officer Green was a material witness for the State. And he needed the discovery to develop a due-process claim under *Brady* and *Giglio*.

The district court denied the motion. The court explained that Officer Green testified about evidence recovered at the scene, but Butler's conviction rested on witness testimony and not physical evidence. So the court ruled that even if the requested impeachment evidence existed, the State's failure to disclose it did not affect Butler's substantial rights.

Butler then filed a motion to alter or amend that judgment under K.S.A. 60-259. In that motion, Butler elaborated on why he felt the discovery was needed to protect his substantial rights. But the district court again denied the motion.

Butler appealed these rulings directly to our court. Jurisdiction is proper. K.S.A. 22-3601(b)(3) and (4) (allowing direct appeals to Supreme Court for criminal cases in which defendant is convicted of off-grid crime or life sentence is imposed); K.S.A. 21-5402(b) (first-degree murder is an off-grid person felony).

Because neither party requested oral argument, we decided this summary-calendar case based on the briefs. See Supreme Court Rule 7.01(c)(4) (2025 Kan. S. Ct. R. at 42) ("When a case is placed on the summary calendar, it is deemed submitted to the court without oral argument unless a party's motion for oral argument is granted.").

ANALYSIS

The sole issue on appeal is whether the district court erred by denying Butler's second request for postconviction discovery. To understand why we affirm the district

4

court's ruling, the analysis begins with the applicable legal framework. Then we turn to the merits of Butler's second *Mundo-Parra* motion and his motion to alter or amend judgment, in that order.

We review the district court's denial of Butler's postconviction-discovery motion under an abuse-of-discretion standard. *State v. Richardson*, 316 Kan. 752, 753, 521 P.3d 1111 (2022). The same standard applies to Butler's motion to alter or amend judgment. *State v. Campbell*, 317 Kan. 511, 529, 532 P.3d 425 (2023). "A district court abuses its discretion if no reasonable person could agree with its decision or if its exercise of discretion is founded on a legal or factual error." *Richardson*, 316 Kan. at 753. The party alleging an abuse of discretion bears the burden of proving error. *Butler*, 315 Kan. at 21.

Butler relies on *Mundo-Parra* as the authority for his request. There, the Court of Appeals identified a two-part test for postconviction-discovery requests. Under that test, the defendant must (1) identify the specific subject matter for discovery; and (2) explain why discovery about those matters is necessary to protect substantial rights. *Mundo-Parra*, 58 Kan. App. 2d at 24. Put another way, the defendant must show that "the requested discovery relates to a factual matter that could affect an essential right that potentially affects the outcome of the proceedings." *Butler*, 315 Kan. at 23; see also *Mundo-Parra,* 58 Kan. App. 2d at 23 (defining "'substantial right'" as "'[a]n essential right that potentially affects the outcome . . . and is capable of legal enforcement'").

We have yet to adopt *Mundo-Parra* as the controlling standard for postconviction-discovery requests. And we see no need to do so here because assuming without deciding that *Mundo-Parra* identified the correct standard, the district court lawfully concluded that Butler failed to meet it. See *Richardson*, 316 Kan. at 754; *Butler*, 315 Kan. at 24.

Turning to the merits, we start with Butler's second postconviction-discovery motion. The district court denied that motion under the second prong of the *Mundo-Parra* test—requiring a defendant to explain why the requested discovery is needed to protect substantial rights. 58 Kan. App. 2d at 24. Butler believes the district court erred.

Butler claims that he needs discovery about Officer Green's alleged perjury to protect two substantial rights. First, Butler contends it's needed to develop his claim under *Brady* and *Giglio*. Under *Brady*, "'prosecutors have a positive duty to disclose evidence favorable to the accused when the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *State v. Breitenbach*, 313 Kan. 73, 97, 483 P.3d 448 (2021). This duty arises from a defendant's due process rights. See *Giglio*, 405 U.S. at 151, 155; *Brady*, 373 U.S. at 87. And the duty extends to evidence tending to discredit the credibility of a key prosecution witness. See *Giglio*, 405 U.S. at 154-55. Second, Butler asserts that it's needed to prove that the State violated his Sixth Amendment right to impeach a complaining witness under the Confrontation Clause. See *State v. Brooks*, 297 Kan. 945, 952, 305 P.3d 634 (2013) (right to impeach complaining witness fundamental right under Sixth Amendment).

So Butler has explained how the requested discovery might implicate important rights. But that is not enough to satisfy the test in *Mundo-Parra*. *Butler*, 315 Kan. at 22-23. Butler must also explain how the requested discovery could have affected the outcome of his trial. 315 Kan. at 23.

Butler attempts to meet this requirement by arguing that Officer Green provided testimony material to his conviction. And if so, Butler reasons that the requested impeachment material could have affected the outcome of the trial. More specifically, Butler asserts that Officer Green was a key witness for the State because she collected

physical evidence at the scene. And he could have challenged the evidence's foundation and chain of custody by using the discovery to impeach her testimony.

But Butler's premise is flawed—Officer Green's testimony was not material to his conviction. She testified about the guns and shell casings found at the crime scene and laid the foundation for photographs of that evidence. At most, her testimony helped the State flesh out some information about what it found at the crime scene and what it did to investigate. But no physical evidence tied Butler to the crime. Instead, the State's case against Butler relied on witness testimony directly implicating Butler.

The requested discovery may have helped Butler to attack Officer Green's credibility and challenge the foundation or chain of custody for the physical evidence. But it would have had no bearing on the incriminating witness testimony that convicted him. We agree with the district court: even if the requested discovery exists, Butler doesn't show that he needs it to protect substantial rights that could affect the verdict.

Butler also filed a motion to alter or amend the court's judgment. In that motion, he offered more support for his substantial-rights theory. But the district court denied that motion on procedural grounds. It found that Butler could have raised the same arguments in his second postconviction-discovery motion. And it concluded that a motion to alter or amend judgment doesn't provide a second chance to make such arguments.

Butler faults the district court for not addressing his additional arguments on the merits. But we see no abuse of discretion here. Butler doesn't argue that the district court's finding—that he could have provided these additional details in his original motion—was based on factual error. Also, the district court's conclusion—that a motion to alter or amend is not a second bite at the apple—is legally sound. See *Ross-Williams v. Bennett*, 55 Kan. App. 2d 524, 564, 419 P.3d 608 (2018) ("[I]t is proper for a district court to deny a motion to alter or amend if the movant could have—with reasonable

diligence—presented the argument or evidence before the entry of the final order."); see also *Sierra Club v. Mosier*, 305 Kan. 1090, 1122, 391 P.3d 667 (2017) ("As a general rule, a party may not raise a new argument in a motion for reconsideration."). And given that conclusion, Butler can't (and doesn't) argue that the district court's ruling is objectively unreasonable.

But even if the district court had reached the merits, it wouldn't have changed the outcome. Butler's additional arguments land well short of the *Mundo-Parra* mark.

In his motion to alter or amend judgment, Butler changed tack and argued that Officer Green was a key witness for the defense, not the State. We must delve into the details of Officer Green's trial testimony to understand his argument.

Officer Green testified that the .40-caliber semiautomatic handgun found at the scene had 12 .40-caliber bullets in a 20-round magazine. And she explained that the .40-caliber semiautomatic could have fired .32-caliber bullets. She added that a person could combine .32-caliber and .40-caliber bullets in the same magazine.

This testimony was potentially exculpatory when combined with other evidence. The victim was shot seven times, and the semiautomatic handgun's magazine had capacity to hold eight more bullets. No direct evidence confirmed the type of bullet that killed the victim. But several .32-caliber shell casings were found at the scene. And other evidence suggested that a man visiting the apartment at the time of the failed robbery may have owned the .40-caliber semiautomatic. So Officer Green's testimony that the .40-caliber semiautomatic could fire .32-caliber bullets provided some support for the theory that the visitor was the shooter, not Butler.

But if Officer Green's trial testimony was exculpatory, why would Butler now request discovery to impeach her? Butler's argument confirms that the discovery could not have affected the outcome of the trial—it would have reinforced the jury's verdict.

In fact, the State re-called another CSI officer to rebut Officer Green's potentially exculpatory testimony. See *State v. Blocker*, 211 Kan. 185, Syl. ¶ 6, 505 P.2d 1099 (1973) (party may introduce competent evidence to prove a fact even if that evidence tends to impeach or contradict party's previous witness). That officer testified that a .40-caliber firearm couldn't fire multiple .32-caliber rounds, and that .40-caliber and .32-caliber ammunition couldn't be mixed in the same magazine. This testimony effectively negated Officer Green's potentially exculpatory evidence. And Butler's requested discovery would only bolster the incriminating testimony of the other CSI officer.

Before concluding, we address one final issue. Butler claims that the district court abused its discretion by making a factual error. The district court found that Butler already had the requested discovery. To support that finding, the court relied on evidence that Butler made an open-records request for the same information more than a year before filing his motion. And in his motion, Butler had identified the information contained in the discovery with particularity. But in his motion to alter or amend judgment, Butler said he had not received the discovery through other means.

But there's no need to resolve this issue. The district court didn't rely on this finding to support its legal conclusion—that Butler failed to meet the second prong of the *Mundo-Parra* test. See *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023) (district court makes error of fact when substantial competent evidence does not support a factual finding on which a conclusion of law or the exercise of discretion is based). And we've already explained why the district court lawfully reached that conclusion. So even if the district court made a factual error, it doesn't taint the district court's legal conclusion.

In sum, Butler has failed to show that the district court abused its discretion by denying his request for postconviction discovery. Butler relied on *Mundo-Parra* as the authority for his request. And the court lawfully concluded that Butler had failed to meet that test. While Butler argues that the district court made a factual error, it's unrelated to that legal conclusion. And Butler has not shown that the district court's ruling was otherwise unreasonable. We thus affirm the district court's judgment.

Affirmed.