IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 123,515

STATE OF KANSAS,
*Appellee*,

v.

MARCUS BUTLER,
*Appellant.*

SYLLABUS BY THE COURT

1.

A district court abuses its discretion if no reasonable person could agree with its decision or if its exercise of discretion is founded on a factual or legal error.

2.

A legal error occurs when the district court's discretion is guided by an erroneous legal conclusion.

3.

The party alleging an abuse of discretion bears the burden of establishing error.

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Opinion filed February 11, 2022. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, was on the brief for appellant, and *Marcus Butler*, appellant pro se, was on the supplemental brief.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WALL, J.: A jury convicted Marcus Butler of first-degree felony murder and other crimes following a January 2013 home invasion in Wyandotte County. Six years later, Butler filed a motion for postconviction discovery under *State v. Mundo-Parra*, 58 Kan. App. 2d 17, 462 P.3d 1211, *rev. denied* 312 Kan. 899 (2020), where a panel of the Court of Appeals held that "postconviction discovery should be allowed when the defendant shows that it is necessary to protect substantial rights." 58 Kan. App. 2d at 24. The district court denied Butler's motion. On appeal from that decision, Butler claims the district court abused its discretion in denying his motion for postconviction discovery.

The State argues that there is no statutory basis for postconviction discovery, and it urges us to overrule *Mundo-Parra*. But we need not decide the validity of *Mundo-Parra* to resolve the issues in this appeal. Even if we assume, without deciding, that the rule announced in *Mundo-Parra* is sound, Butler has failed to demonstrate that the district court's ruling constitutes an abuse of discretion. We therefore affirm the district court's order denying Butler's motion for postconviction discovery.

FACTS AND PROCEDURAL BACKGROUND

Butler was convicted of first-degree felony murder, attempted aggravated robbery, and conspiracy to commit aggravated robbery after a three-day trial in September 2014. The State's case largely relied on the testimony of three men who worked with Butler at a Ford dealership in Leavenworth. They testified that Butler had broken into an apartment where he had previously bought marijuana, fired his gun after entering the apartment, then fled after the planned robbery went awry. One of the coworkers was a coconspirator who testified against Butler as a part of a plea agreement with the State. The other two witnesses were coworkers who testified that Butler first attempted to recruit them to the

conspiracy and later threatened to harm them if they cooperated with investigators. The facts underlying Butler's convictions are more fully set out in *State v. Butler*, 307 Kan. 831, 832-40, 416 P.3d 116 (2018), but those facts are not pertinent to the disposition of this appeal.

The district court sentenced Butler to life imprisonment with no chance of parole for 20 years for first-degree murder, plus another 64 months' imprisonment for the attempted aggravated robbery and conspiracy to commit aggravated robbery convictions. It also imposed lifetime postrelease supervision. We affirmed those convictions on appeal, but we vacated the lifetime postrelease portion of Butler's sentence and remanded the matter for the district court to impose lifetime parole instead. 307 Kan. at 869.

In August 2020, about six years after his conviction, Butler filed a motion for postconviction discovery based on *Mundo-Parra*, a Court of Appeals decision from 2020. In that case, the defendant requested discovery of the State's investigatory file 12 years after pleading no contest to kidnapping and rape. The Court of Appeals panel reviewed appellate decisions in Kansas and other jurisdictions and held that a defendant is entitled to postconviction discovery upon a showing that it is necessary to protect substantial rights, even though there is no Kansas statute authorizing such discovery. *Mundo-Parra*, 58 Kan. App. 2d at 21-24.

As explained below, Butler's discovery request included phone records and witness statements that he claimed were necessary to protect his fundamental right to confront witnesses under the Sixth Amendment to the United States Constitution. The district court denied Butler's motion, finding that Butler had not met the standard set out in *Mundo-Parra* because he had not shown that the requested discovery might change the result of his trial or cast doubt on his conviction.

3

Butler appealed the district court's ruling directly to our court. Jurisdiction is proper under K.S.A. 2020 Supp. 22-3601(b)(3) (appeal must be taken directly to Supreme Court when the maximum sentence of life imprisonment has been imposed).

ANALYSIS

We begin by stating what this opinion does not do. It does not endorse the rule established in *Mundo-Parra*, as Butler requests on appeal. Nor does it abrogate that holding, as the State requests. This appeal is not ideally postured to address this larger question. Instead, the issues before us may be resolved without embarking upon a comprehensive analysis of a defendant's postconviction discovery rights, if any, under Kansas law.

Butler has alleged the district court erred by not granting his motion for postconviction discovery. But even if we assume, without deciding, that defendants *do* have the right to postconviction discovery as set forth in *Mundo-Parra*, Butler has not established that the district court abused its discretion by denying his motion. We therefore affirm the district court's order.

I.  *Standard of Review and Legal Framework*

Butler argues on appeal that the district court abused its discretion by denying his postconviction discovery motion. See *Mundo-Parra*, 58 Kan. App. 2d at 25 (reviewing a district court's decision to grant or deny postconviction discovery only for abuse of discretion); *State v. Riis*, 39 Kan. App. 2d 273, Syl. ¶ 3, 178 P.3d 684 (2008) (same). Our standard of review is well-established:  a district court abuses its discretion if no reasonable person could agree with its decision or if its exercise of discretion is founded on a factual or legal error. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

4

Butler specifically contends that the district court committed a legal error by misapplying the rule set forth in *Mundo-Parra*. A legal error occurs when the court's "'discretion is guided by an erroneous legal conclusion.'" *State v. McLinn*, 307 Kan. 307, 332, 347-48, 409 P.3d 1 (2018). As the party alleging an abuse of discretion, Butler bears the burden of proving error. 307 Kan. at 348.

In *Mundo-Parra*, the panel identified a two-part test for analyzing postconviction discovery requests. Under this test, a defendant must make a good cause showing for the requested discovery by: (1) identifying the specific subject matter for discovery and (2) demonstrating why discovery about those matters is necessary to protect substantial rights. *Mundo-Parra*, 58 Kan. App. 2d at 24. The panel further defined a "'substantial right'" as "'[a]n essential right that potentially affects the outcome . . . and is capable of legal enforcement.'" 58 Kan. App. 2d at 23 (quoting Black's Law Dictionary 1584 [11th ed. 2019]).

II. *Butler Fails to Establish That the District Court Misapplied the Rule Set Forth in* Mundo-Parra

Butler's motion clearly identified the subject matter for discovery, satisfying the first prong of *Mundo-Parra*'s two-part test. First, Butler requested the cellphone number and service-provider information of his coconspirator and one of the coworkers who testified against him. Second, he requested the statements made to law enforcement by the apartment's residents who witnessed the home invasion. Butler's request was not the sort of fishing expedition that *Mundo-Parra* disallowed.

Butler asserted that discovery of those matters was necessary to protect his right to impeach the State's witnesses, "a fundamental right, protected by the Confrontation Clause of the Sixth Amendment." *State v. Brooks*, 297 Kan. 945, 952, 305 P.3d 634 (2013). Butler explained that he wanted the cellphone information so that he could

5

subpoena his coconspirator's and coworker's phone records. He claimed those records would show that the coworker was an accomplice in the crime, which could have been used to impeach the coworker's credibility at trial when he testified that he was not involved in the criminal activity. Butler also wanted the witness statements because he claimed they would show that Butler had never bought marijuana at the apartment prior to the home invasion. He argued this information could have been used to impeach Butler's coworkers and coconspirator, who all testified that Butler's motivation for robbing the apartment stemmed from his previous drug purchases at that location.

But the district court did not find these explanations convincing, and it determined that "[t]here is no suggestion in the record or in [Butler's] request for discovery that there is any substantive reason that his conviction should be questioned." Specifically, the district court rejected the cellphone-records request because Butler possessed and utilized similar information at trial. Butler's coconspirator testified that the coworker had helped set up the robbery, and Butler's trial counsel argued to the jury that the coworker had taken part in the robbery. As a result, the district court found the coworker's credibility was impeached at trial and the jury made a credibility determination.

The district court also rejected the witness-statement request because none of the apartment's residents testified at trial. Because these witnesses did not testify, the impeachment evidence Butler sought through postconviction discovery would not have been admissible at trial and served no useful purpose in challenging the verdict. Therefore, Butler had not established that "there was a likelihood that the evidence would change the result of the trial."

Butler argues the district court misapplied *Mundo-Parra* in its decision. He contends that a defendant need only describe the materials for discovery and merely articulate how the materials could implicate his substantial rights. Butler contends the

*Mundo-Parra* test does not require a defendant to make a showing that the requested discovery could affect the outcome of the proceedings. Butler therefore claims the district court went further than *Mundo-Parra* requires or allows and denied Butler's request based on an erroneous legal conclusion.

We disagree with Butler's rendition of *Mundo-Parra*. There, the panel's analysis confirms that a defendant must do more than just articulate or assert that a substantial right is implicated. Instead, *Mundo-Parra* found that postconviction discovery is allowed only when a defendant *shows* that it is necessary to protect substantial rights. In turn, the panel defined substantial rights as those "'potentially affect[ing] the outcome'" of his trial. *Mundo-Parra*, 58 Kan. App. 2d at 23. In fact, in applying its legal test, the panel in *Mundo-Parra* rejected the defendant's discovery request because there was "simply no suggestion in our record or in Mundo-Parra's request for discovery that there is any substantive reason that either his pleas or his convictions should be questioned in any way." 58 Kan. App. 2d at 25. This analysis confirms that the *Mundo-Parra* panel believed that a defendant's right to postconviction discovery is contingent on a showing that the requested discovery relates to a factual matter that could affect an essential right that potentially affects the outcome of the proceedings.

We therefore conclude that the district court's analysis of whether the requested materials would have affected the outcome of Butler's trial falls well within the framework established in *Mundo-Parra*. And we agree with the district court that Butler's request has not called his convictions into question or otherwise shown that the discovery is necessary to protect his substantial rights. As to Butler's request for cellphone records to establish his coworker's involvement in the crime, similar information (coconspirator testimony implicating the coworker in the crimes) was already used to impeach Butler's coworker at trial. As to Butler's request for witness statements to law enforcement for purposes of impeaching these witnesses, the apartment residents' statements to police

7

could not have been introduced at trial because neither Butler nor the State called them as witnesses. See *State v. Davis*, 255 Kan. 357, 365, 874 P.2d 1156 (1994) (evidence of defendant's prior conviction could not be admitted for impeachment purposes where defendant did not testify at trial); *State v. Hilsman*, 333 N.W.2d 411, 413 (N.D. 1983) (trial court properly excluded defendant's impeachment evidence challenging credibility of potential witness who did not testify at trial); Cf. K.S.A. 60-420 ("for the purpose of impairing or supporting the credibility of a *witness*, any party . . . may examine the *witness* and introduce extrinsic evidence" relevant to the witness' credibility) (emphases added).

Assuming (without deciding) that *Mundo-Parra* defines a defendant's legal right to postconviction discovery under Kansas law, we hold that the district court did not base its decision on an erroneous legal conclusion. Butler has not established that the district court abused its discretion. We therefore affirm the district court order denying Butler's motion for postconviction discovery.

The judgment of the district court is affirmed.