NOT DESIGNATED FOR PUBLICATION

Nos. 127,447
127,448
127,449
127,450

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AMBER LEE ROBINETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; CHRISTINA DUNN GYLLENBORG, judge. Opinion filed
August 22, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before HILL, P.J., MALONE and HURST, JJ.

PER CURIAM: Amber Lee Robinett appeals the district court's decision to revoke
her probation in four separate cases and order that she serve the original sentence in each
case. We granted Robinett's motion for summary disposition under Kansas Supreme
Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State has not responded. Finding no
abuse of discretion, we affirm the district court's judgment.

1

Robinett had several felony cases filed against her in Johnson District Court in less than 10 years. In case No. 13-CR-2612 (Case 1) on May 29, 2014, Robinett pled guilty to one count of forgery and one count of theft and received a controlling sentence of 22 months' imprisonment with 18 months' probation. In case No. 14-CR-1475 (Case 2) on August 8, 2014, Robinett pled guilty to one count of theft and received a sentence of 11 months' imprisonment with 12 months' probation to run consecutive to the controlling sentence in Case 1. In each case, Robinett violated her probation many times and the probation terms were reinstated and extended.

On February 28, 2019, in case No. 18-CR-1244 (Case 3), while still on probation in Cases 1 and 2, Robinett pled guilty to one count of theft and received a sentence of 11 months' imprisonment with 12 months' probation to run consecutive to the controlling sentences in Cases 1 and 2. The probation term in Case 3 was also reinstated and extended several times following probation violations. Robinett's legal woes continued, and on January 15, 2021, in case No. 20-CR-2313 (Case 4), she pled guilty to one count of passing a worthless check and received a sentence of 9 months' imprisonment with 12 months' probation to run consecutive to the controlling sentences in Cases 1-3.

The State eventually moved to revoke Robinett's probation in each case alleging she had committed new felonies—theft in case No. 23-CR-586 (Case 5) and identity theft in case No. 23-CR-2108 (Case 6) along with forgery and identity theft in a Missouri case. The State also alleged that Robinett failed to pay restitution and fees and violated the terms of a supplemental probation contract.

The district court held a joint probation revocation hearing on January 12, 2024. The State presented the testimony of Jennifer Keating, Robinett's intensive supervision officer. Keating walked through each of the four cases and testified how Robinett had

failed to pay the fees or restitution in any of them. Keating testified that Robinett had pled guilty to the felony charges in Cases 5 and 6. The district court took judicial notice of those files. Keating explained that Robinett was required to attend behavioral cognitive classes under the probation contract but had failed to regularly attend those classes.

After the evidence was presented, the State argued that Robinett's probation in each case should be revoked. Robinett did not dispute her new felony convictions but argued that she had made a few payments towards her restitutions and had attended some of the behavioral cognitive classes. The district court found that Robinett had violated her probations in Cases 1-4 because of the new felony convictions in Cases 5 and 6. Robinett's counsel then asked the district court to reinstate the probations or for "[a]ny reduction of the sentences that the Court would be willing to give . . . ." Robinett spoke on her own behalf and alluded to seeing a psychiatrist or attending therapy. She also stated that her husband would help support her efforts to change her behavior. After hearing the arguments, the district court ruled from the bench that Robinett was "not amenable to probation" and imposed the original sentences in each case. Robinett timely appealed the district court's judgment, and the cases have been consolidated on appeal.

## ANALYSIS

Robinett claims the district court "abused its discretion in ordering her to serve the underlying sentence in each of her cases instead of reinstating probation or imposing a lesser sentence." She contends that she had been making strides to address her mental health issues and had found stability with her husband. Robinett asserts that "any progress was lost when the district court revoked her probation and ordered her to serve the entire underlying sentence in each case."

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once the State has provided evidence of a probation violation, a district

court has discretion to revoke probation and impose the original sentence. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). An appellate court reviews a district court's revocation of probation for an abuse of discretion. "A district court abuses its discretion if no reasonable person could agree with its decision or if its exercise of discretion is founded on a factual or legal error." *State v. Butler*, 315 Kan. 18, Syl. ¶ 1, 503 P.3d 239 (2022). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Robinett does not contest the district court's statutory authority to revoke her probations. She also does not argue that the district court's decision to revoke her probations was based on a factual or legal error. She argues only that the decision was unreasonable. But Robinett committed crimes in four cases, and the district court worked with her for nearly 10 years before it finally revoked her probations for committing more crimes. Robinett received many chances to succeed on probation and her failures were her own making. It cannot be said that no reasonable person would agree with the district court's decision to revoke her probations.

Robinett asked the district court to modify her sentences at the probation revocation hearing, but the court denied that request. We also review that decision for an abuse of discretion. *State v. Reeves*, 54 Kan. App. 2d 644, Syl. ¶ 3, 403 P.3d 655 (2017). Again, the State filed six criminal cases against Robinett in less than 10 years. The district court showed leniency by extending Robinett's probations many times, but that leniency did not curb her criminal behavior. Robinett's original sentences were standard presumptive sentences under the sentencing guidelines. Perhaps another judge might have lowered the sentences at the probation revocation hearing, but it cannot be said that no reasonable person would agree with the court's decision. Robinett has failed to show that the district court abused its discretion by denying her request for modified sentences.

Affirmed.

4