NOT DESIGNATED FOR PUBLICATION

No. 127,752

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVIDA NICOLE AMARO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; ANDREW M. STEIN, judge. Submitted without oral argument. Opinion filed August 22, 2025. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., MALONE and HURST, JJ.

PER CURIAM: Davida Nicole Amaro appeals the revocation of her probation and imposition of her original prison sentence without modification. Amaro claims the district court's decision was unreasonable because although she repeatedly violated the conditions of her probation by using drugs, she would have been better served by being sent to inpatient drug treatment instead of prison. After carefully reviewing the record and Amaro's argument, we affirm the district court's judgment.

In 2019, the State charged Amaro with four drug-related offenses. Following plea negotiations, the State filed an amended charging document alleging one count of felony

1

possession of methamphetamine with intent to distribute. The district court accepted Amaro's no contest plea to that charge. On November 13, 2020, the district court sentenced Amaro to 59 months' imprisonment but granted her motion for a dispositional departure to probation for 36 months to be supervised by community corrections.

Between April and December 2022, Amaro was ordered to serve three jail sanctions by her probation officer for failing to report and submit to drug screenings. When Amaro was in contact with her probation officer during this time, she admitted that she had used methamphetamine on several occasions. The State repeatedly moved to revoke Amaro's probation for her persistent failure to comply with its conditions.

On September 1, 2023, the district court held a probation revocation hearing at which both Amaro and her probation officer, Sonja Channell, testified. Channell explained that Amaro suffered from depression, anxiety, and substance abuse issues, and that she had recently lost her mother and was attending several different groups to address these issues. But Channell noted that Amaro had repeatedly failed to report when scheduled to come in for drug screenings and had admitted using methamphetamine, marijuana, and alcohol on many occasions. Channell clarified that she believed Amaro was using drugs as a coping mechanism following the death of her mother. Channell agreed there were inpatient drug treatment programs that could be available to Amaro.

Amaro testified that she had done well on supervision for about a year and a half, until her mother died of cancer. At that point, Amaro began to slide into a pattern of violating her probation by using drugs and failing to report for her mandatory check-ins and other obligations. Amaro also admitted to failing several drug screenings because she was self-medicating with various illicit substances. Amaro stated she was overwhelmed and stressed with her full-time employment and probation obligations, and she felt that she needed to attend inpatient treatment to address her mental health and substance abuse issues. Following the testimony, the State asked the district court to revoke Amaro's

2

probation and impose her original sentence, and Amaro asked the district court to extend her probation by six months and order her to attend inpatient drug treatment.

The district court revoked Amaro's probation and imposed her original 59-month prison sentence. It explained that Amaro had been granted probation as a result of a dispositional departure and had shown—through her repeated drug usage and failure to report to her probation officer and submit to drug screenings—that she was not amenable to probation. In summarizing the decision to impose her original sentence, the judge stated that "ample efforts [were] made to accommodate Ms. Amaro and provide her with the resources she would need to be successful on probation. But, repeatedly, despite those efforts, she has failed to do so." Amaro timely appealed the district court's judgment.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once the State has provided evidence of a probation violation, a district court has discretion to revoke probation and impose the original sentence. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). An appellate court reviews a district court's revocation of probation for an abuse of discretion. "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." 315 Kan. at 328. And as the party asserting an abuse of discretion, Amaro bears the burden of establishing it. See 315 Kan. at 328.

On appeal, Amaro identifies no legal or factual error in the district court's decision—she rightly concedes that the district court had the authority to revoke her probation. But she contends the district court abused its discretion in deciding to do so because its decision was unreasonable. Establishing an abuse of discretion under such circumstances presents a significant hurdle—we may only find an abuse of discretion if *no reasonable person* would agree with the district court's decision. See *State v. Butler*, 315 Kan. 18, Syl. ¶ 1, 503 P.3d 239 (2022).

3

Amaro contends the decision was unreasonable because "[c]ontinued probation would have served both [herself] and the community better than a prison sentence because she could have accessed inpatient drug treatment to rehabilitate herself after the traumatic death of her mother." Amaro was granted probation as an act of leniency resulting from a dispositional departure, and she was provided the opportunity to serve her time without confinement by complying with the terms and conditions of her probation. The record shows Amaro has consistently struggled with substance abuse—she admitted using drugs on multiple occasions and to skipping numerous drug screenings and check-ins with her probation officer.

While the death of her mother was a destabilizing event, it did not excuse her compliance with the most basic requirements of probation, such as reporting to her probation officer and submitting to drug screenings. Amaro's conduct supports the district court's conclusion that she was not amenable to probation. It cannot be said that no reasonable person would agree with that conclusion. Amaro has failed to show that the district court abused its discretion by revoking her probation.

Amaro also asked the district court to modify her sentence at the probation revocation hearing, but the court denied that request. We also review that decision for an abuse of discretion. *State v. Reeves*, 54 Kan. App. 2d 644, Syl. ¶ 3, 403 P.3d 655 (2017). The district court's reasons for revoking Amaro's probation also support its decision to refuse to modify the original sentence for the serious crime of possession of methamphetamine with intent to distribute. Amaro has failed to show that the district court abused its discretion by denying her request for a modified sentence.

Affirmed.