NOT DESIGNATED FOR PUBLICATION

No. 127,973

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ELIZABETH KELLY WOOLF MARCINKOWSKI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID DAHL, judge. Submitted without oral argument. Opinion filed October 3, 2025. Affirmed.

*Dylan J. Pryor*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and CLINE, JJ.

PER CURIAM: Elizabeth Kelly Woolf Marcinkowski appeals the district court's judgment revoking her probation and imposing her original prison sentence. She argues the district court's decision was unreasonable because she was pregnant when her probation was revoked and she would have to give birth while in prison. After carefully reviewing the record, we affirm the district court's judgment.

1

FACTS

On May 26, 2022, Woolf Marcinkowski pled guilty to one count of criminal damage to property, a felony, three counts of misdemeanor battery of a law enforcement officer, and one count of misdemeanor domestic battery. On August 4, 2022, the district court imposed a controlling sentence of 6 months' imprisonment on the felony and a consecutive term of 8 months in the county jail on the misdemeanors. The district court placed Woolf Marcinkowski on probation with court services for 12 months.

About nine months later, a court services officer filed a warrant alleging that Woolf Marcinkowski had violated the conditions of her probation, in part by committing more crimes. Woolf Marcinkowski admitted the violations at a hearing. The district court imposed a two-day jail sanction and extended the probation by 12 months. Less than a month later, another warrant was issued alleging Woolf Marcinkowski had violated her probation by using drugs. Woolf Marcinkowski waived her right to a hearing, admitted the violations, and accepted a three-day jail sanction from her probation officer, but she never surrendered herself to serve it.

Another warrant was later issued alleging Woolf Marcinkowski had again violated her probation by using drugs and committing more crimes, including interference with a law enforcement officer, obstruction, misdemeanor theft, and possession of drug paraphernalia. At a hearing on June 3, 2024, Woolf Marcinkowski admitted the violations. The State asked the district court to revoke the probation and order Woolf Marcinkowski to serve her original sentence based on her pattern of violations, her failure to show up for her three-day sanction, and her commission of several new crimes. The probation officer also asserted that Woolf Marcinkowski was not amenable to probation and recommended that she be ordered to serve her sentence. Woolf Marcinkowski's counsel asked the district court to impose an intermediate sanction, extend her probation, and assign her to Community Corrections. He argued that Woolf Marcinkowski had

2

recently learned that she was pregnant and "at this juncture she [had] a new lease on life and she want[ed] to find success regarding that." In the event the district court imposed her sentence, Woolf Marcinkowski's counsel asked for a modification so that she would not be in custody when she gave birth.

After hearing the arguments, the district court revoked Woolf Marcinkowski's probation and ordered her to serve the original sentence. The judge carefully explained:

"The reasons that we are revoking and imposing are many, but the justification for it legally is that you had served, I believe, a prior sanction, so the sanction track has been satisfied, and there are new crimes that are committed. And that enables a judge to bypass any additional sanctions and I feel it's important that we bypass those.

"We have an obligation to defendants and we have an obligation to society, and what we do is we put society's interests on the back burner and we say, 'We want to work with this defendant. We want to give this defendant the absolute best opportunity to make it through probation and then have a better future.' And that's not to say that your future still could not be bright, but it depends on you undertaking some positive action on your part.

"There comes a time during some cases all too frequently when a judge says, 'All right. We've tried it, but it just hasn't worked and now it's time to put society's interests at the forefront,' and that's what we are doing today. Probation isn't the right thing for everybody, and the fit just doesn't work for everybody, and when we put you on probation we all had hoped that it was going to be a workable thing for you, and it just hasn't turned out to be that way and we've had other times when we've gotten back together and we've worked our way through it, and it just doesn't seem to be the appropriate thing for you. It just isn't working. And the time is now appropriate for us to revoke and impose the underlying sentence.

"We've tried a jail sanction before, and that didn't take and it didn't work for us. There are a lot of things that we have done in hopes of making this thing a doable thing, but once again, it just hasn't been.

"You've waived and admitted the allegations for today's purposes. You're pregnant and the medical capabilities while you are in jail are good, so when you give birth to your child, and hopefully the child is healthy and that you continue to be healthy,

good things can still happen, but there are a number of people that appear and a great number of courts, not only in this jurisdiction but in a lot of jurisdictions, and pregnancy in some instances is a reason to delay imposition of a sentence or it is the appropriate thing to keep a person on probation. In this case, it is not. So that birth in custody, although it would've been better had that not happened, choices were made that put a judge in a position, and me now, that revocation and imposition is the right thing to do."

Woolf Marcinkowski appealed the district court's judgment.

ANALYSIS

Woolf Marcinkowski contends the district court abused its discretion because its decision to impose her underlying sentence was unreasonable as she was pregnant at the time of the revocation hearing. The State maintains that the district court's decision may seem harsh in light of Woolf Marcinkowski's pregnancy, but it was not unreasonable considering her conduct while on probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once the State has provided evidence of a probation violation, a district court has discretion to revoke probation and impose the original sentence. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). An appellate court reviews a district court's revocation of probation for an abuse of discretion. 315 Kan. at 328. "A district court abuses its discretion if no reasonable person could agree with its decision or if its exercise of discretion is founded on a factual or legal error." *State v. Butler*, 315 Kan 18, Syl. ¶ 1, 503 P.3d 239 (2022). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

On appeal, Woolf Marcinkowski concedes that the district court had the authority to revoke her probation but contends its decision was unreasonable. She argues that "[n]o

reasonable person would take the view that a young woman must carry her child to term inside a prison because she violated her probation after having previously served a two-day sanction." The district court directly addressed Woolf Marcinkowski's pregnancy and expressed some sympathy for her situation, yet it noted that many other factors weighed against merely extending her probation. In particular, Woolf Marcinkowski had admitted committing several new crimes, using drugs on several occasions, and failing to meet the basic requirements of her probation. Woolf Marcinkowski was given the opportunity to serve her sentence without confinement by complying with the conditions of her probation. But she consistently struggled with substance abuse and committed several crimes while on probation. On top of these more serious violations, Woolf Marcinkowski failed to comply with the most basic requirements of her probation to the point that her probation officer believed she was no longer amenable to probation.

Reasonable people might disagree about whether reinstatement and extension of Woolf Marcinkowski's probation, community corrections, or perhaps even drug treatment could have better addressed her situation. But Woolf Marcinkowski, who was already a mother of two at the time of the hearing, showed no indication that she was able to comply with the conditions of her probation. And her pregnancy, standing alone, does not excuse her noncompliance with the terms of her probation, nor does it render the district court's decision unreasonable. It cannot be said that no reasonable person would agree with the district court's decision. Woolf Marcinkowski has failed to show that the district court abused its discretion in revoking her probation and imposing the original sentence.

Affirmed.