NOT DESIGNATED FOR PUBLICATION

No. 128,322

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM J. NICHOLS II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed October 3, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., MALONE and CLINE, JJ.

PER CURIAM: William J. Nichols II appeals the district court's judgment revoking his probation and imposing a modified prison sentence. Nichols moved for the summary disposition of his appeal under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48), and the State responded that it did not object to the motion. Finding no abuse of discretion, we affirm the district court's judgment.

On July 28, 2021, Nichols pleaded guilty to two counts of aggravated assault in case No. 21-CR-1146 (Case 1), the case giving rise to this appeal. On September 1, 2021, the district court imposed a controlling sentence of 33 months' imprisonment with 12 months' postrelease supervision but granted probation for 24 months.

1

On March 2, 2022, Nichols pleaded guilty to violating a protective order in case No. 21-CR-2169 (Case 2). The district court sentenced him to 12 months in jail to run consecutive to the controlling sentence in Case 1 and granted probation for 12 months. The district court also found that Nichols violated his probation in Case 1 for failing to obey the law and other violations and imposed a two-day quick dip sanction.

On July 25, 2022, the district court found that Nichols violated his probations for various reasons including failing to report as directed, failing to pay court costs, and failing to attend a batterers intervention program. The district court extended the probations by 12 months and imposed a 3-day quick dip jail sanction. At another hearing, Nichols admitted violating his probations for failing to report as directed, failing to pay costs and fees, failing to attend a batterers intervention program, failing to obtain a drug and alcohol evaluation, and failing to obtain a mental health evaluation. The district court imposed a 60-day jail sanction and extended the probations for 24 months.

On August 26, 2024, the State issued an arrest warrant alleging that Nichols committed aggravated escape from custody. The State issued a second warrant on September 13, 2024, alleging that Nichols committed new crimes by possessing drug paraphernalia and a controlled substance, and for driving with a suspended license and without tags, insurance, and with an expired registration. At a hearing on October 1, 2024, Nichols admitted to the allegations in the second warrant in exchange for the State not prosecuting the allegation in the first warrant and for jointly recommending that the district court modify the controlling sentences in the two cases to run concurrently. The district court followed the recommendations, revoked the probations, modified the sentences to run concurrently, and ordered Nichols to serve the modified sentences. Nichols appeals here only from the revocation of his probation in Case 1.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once the State has provided evidence of a probation violation, a district

court has discretion to revoke probation and impose the original sentence. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). An appellate court reviews a district court's revocation of probation for an abuse of discretion. 315 Kan. at 328. "A district court abuses its discretion if no reasonable person could agree with its decision or if its exercise of discretion is founded on a factual or legal error." *State v. Butler*, 315 Kan. 18, Syl. ¶ 1, 503 P.3d 239 (2022). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Nichols' motion for summary disposition presents no argument explaining why he is entitled to relief. He cites K.S.A. 21-6820(c)(2) for the proposition that an appellate court lacks jurisdiction to review a sentence resulting from a plea agreement approved by the district court. But this court has held that the jurisdictional limitations in K.S.A. 21-6820(c) apply only to the imposition of a defendant's original sentence and do not apply to probation revocations. See, e.g., *State v. Burrus*, No. 123,429, 2021 WL 2750532, at *1 (Kan. App. 2021) (unpublished opinion) (finding K.S.A. 2020 Supp. 21-6820[c][2] did not apply to a modified sentence following probation revocation).

Perhaps Nichols makes no argument explaining how the district court abused its discretion in revoking his probation simply because he cannot think of anything. The district court's treatment of Nichols was abundantly fair. It gave Nichols several chances to succeed on probation but he consistently failed for reasons of his own making. In the end, Nichols failed to abide by the most important condition of any probation which is to obey all laws and stay out of trouble. Even then, the district court showed leniency by modifying Nichols' sentences to run concurrently. Nichols fails to show that the district court abused its discretion in revoking his probation and imposing a modified sentence.

Affirmed.