NOT DESIGNATED FOR PUBLICATION

No. 128,194

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEE W. MAGSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Rice District Court; STEVEN JOHNSON, judge. Opinion filed October 3, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., HURST, J., and JACOB PETERSON, District Judge, assigned.

PER CURIAM: Lee W. Magson appeals the district court's decision to revoke his probation and require him to serve a modified prison term of 30 months. This court granted Magson's request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). We now affirm the district court's ruling.

FACTUAL AND PROCEDURAL HISTORY

In December 2022, Magson pled no contest to violating the Offender Registry Act in August of that year. Magson moved for dispositional departure, which the district court

1

granted without objection from the State. The district court sentenced Magson to 36 months in prison but suspended the sentence in favor of 24 months' probation.

About three months after sentencing, the State alleged that Magson had violated his probation conditions by using methamphetamine, testing positive for amphetamine and methamphetamine, and being arrested for criminal use of a financial card, possession of methamphetamine, and possession of paraphernalia. Magson subsequently admitted to the alleged violations. The district court imposed a 60-day jail sanction with 20 days' credit for time served.

About five months after his probation violation hearing, the State alleged that Magson violated his probation conditions again by testing positive for amphetamines/methamphetamines, failing to attend substance use disorder outpatient treatment, skipping scheduled visits with his intensive supervision officer (ISO), failing to report an arrest, and failing to receive permission from his ISO to change addresses. At his second probation violation hearing, Magson waived his right to a hearing and the district court found he violated his probation.

The State recommended the district court revoke Magson's probation, arguing Magson's drug habits had not improved while on probation and graduated sanctions were not required because Magson had received a dispositional departure to probation. Magson argued that he should be allowed another opportunity to obtain drug treatment because he said he had success with the Mirrors substance abuse assessment. Magson also argued that prison would interfere with his child support obligations. Magson asked the district court for another opportunity to do probation.

After hearing from both parties, the district court revoked Magson's probation and ordered him to serve his prison sentence, which the district court reduced to 30 months. The district court reasoned that Magson's failed attempts at probation and that this was a

dispositional departure were enough to warrant a revocation. Magson timely filed a notice of appeal, and this court granted his motion for summary disposition.

ANALYSIS

On appeal, Magson contends that the district court abused its discretion in revoking his probation rather than reinstating it. When the State establishes a probationer violated the terms of probation, which is not contested here, the decision to revoke is within the sound discretion of the district court, unless limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Here, Magson was placed on probation as part of a dispositional departure, so the district court was not required to impose any intermediate sanctions before revoking his probation. See K.S.A. 22-3716(c)(7)(B).

To find an abuse of discretion, the judicial action must be deemed (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Magson bears the burden to show an abuse of discretion. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022). Magson does not allege the court committed an error of law or fact. So we look only at whether the district court's decision was arbitrary, fanciful, or unreasonable. Under this well-established standard, a district court abuses its discretion if no reasonable person could agree with the judge's decision. *State v. Butler*, 315 Kan. 18, 21, 503 P.3d 239 (2022). Magson has failed to sustain his burden of proof.

Here, Magson was an established drug offender. Yet he continued to use illegal drugs, resulting in the court's imposition of an intermediate sanction of 60 days in jail, although the court was under no obligation to do so. Just a few months later, he was again brought before the court for violation of his probation and continuing to use illegal drugs and failing to complete treatment, among other violations. The district court concluded that based on Magson's behavior, prison would be more useful to Magson's drug problem

3

because he would have drug counseling forced on him and he could remain sober, something he was unable to do while on probation. We have no trouble concluding that under these facts, reasonable people would agree with the district court's decision to revoke Magson's probation. We therefore find the district court did not abuse its discretion.

Affirmed.