NOT DESIGNATED FOR PUBLICATION

No. 128,160

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL CHRISTOPHER MASON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Labette District Court; STEVEN A. STOCKARD, judge. Submitted without oral argument. Opinion filed November 14, 2025. Affirmed.

*Andrew J. McGowan*, of Kansas Appellate Defender Office, for appellant.

*Mandy Johnson*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., COBLE, J., and SEAN HATFIELD, District Judge, assigned.

PER CURIAM: Michael Christopher Mason appeals the district court's order revoking his probation and ordering him to serve his original sentence. Mason claims the district court abused its discretion in revoking his probation where it had other options, where he had some success on probation, and where revoking probation would not serve the purpose of the statutory intermediate sanctions scheme. For reasons explained below, we find Mason fails to show the district court abused its discretion in revoking Mason's probation and ordering him to serve his original sentence.

1

Mason pled no contest to one count of abuse of a child on March 11, 2021. Sentencing occurred on May 5, 2021. The district court imposed a 55-month prison sentence and 24 months' postrelease supervision but departed and ordered Mason to serve 36 months' probation.

Little occurred until March 26, 2024, when the State moved to revoke Mason's probation based on an allegation that he violated the law after a probable cause affidavit was filed in a Cherokee County case alleging criminal threat, abuse of a child, and endangering a child. The district court held a probation violation hearing on July 18, 2024. Mason stipulated to the State's allegations and to the fact that the Cherokee County case was resolved through convictions on two counts of endangering a child.

Turning to disposition, the State argued the district court should revoke Mason's probation because the original abuse of a child conviction and the newer endangering a child convictions all involved the same victim, as did other prior convictions in Utah. A certified journal entry of the Utah convictions was admitted into evidence.

Mason called as a witness Patricia Wilson, his intensive supervision officer. Wilson testified that Mason was largely successful on probation. Wilson testified that Mason reported as directed. She never had concerns about Mason using drugs or alcohol. Wilson believed Mason had paid all of his fines and costs. Mason participated in a mental health program, and Wilson believed he would have signed a release of information if asked. Mason completed a batterers intervention program. Wilson originally recommended a 30-day jail sanction for Mason's current violations, but she pulled back on that recommendation at the hearing and did not offer a specific recommendation.

Mason testified on his own behalf. While incarcerated in another case during his probation term, Mason took parenting classes and anger management classes. Mason explained that he kept going to therapy even after he was no longer ordered to do so because he felt like it was beneficial for him. Mason testified to a troubled home life where his children did not live with him for a time and upon their return he struggled to readjust to having them in the house. Although he asked for additional but unspecified services after his children returned to his custody, he did not receive any. He discussed wanting to live near his therapy center and taking domestic violence classes there.

Mason also explained his version of events leading to his Cherokee County convictions. Mason explained that he caught his teenage son performing "inappropriate acts with [Mason's service dog] underneath his sheet." Additional details are unnecessary in this opinion. Mason raised his voice and was upset, but claimed he never hit his son.

After the close of evidence Mason argued that his performance on probation, the lack of service support he received in readjusting to his children in his home, the fact that his son was now incarcerated, and the fact that the Cherokee County case's charges were amended from felonies to misdemeanors all showed Mason was amenable to probation. Mason requested the court impose a 60-day jail sanction. The State argued that because Mason was placed on probation as the result of a departure and because the convictions in this case, the Cherokee County case, and the Utah case all occurred within a short time, the district court should revoke Mason's probation.

The district court agreed with the State and revoked Mason's probation and ordered that he serve the original sentence. The court focused on the nature of the convictions in this case, the Cherokee County case, and the Utah case and found troubling that each involved crimes against children or some form of domestic violence. The district judge found that "[t]his is a pattern that I cannot ignore" and noted that Mason's classes, for example, did little to help him avoid further violence. The journal

3

entry listed the commission of a new crime under K.S.A. 22-3716(c)(7) as the reason supporting revocation. Mason timely appealed the district court's judgment.

ANALYSIS

Mason's sole claim on appeal is that the district court erred in revoking his probation because the district court had other options in lieu of revocation, because he performed well on probation, and because imposing the underlying sentence violated the purpose of the graduated sanctions scheme in K.S.A. 22-3716. The State contends that the district court did not abuse its discretion by revoking Mason's probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). An appellate court reviews a district court's revocation of probation for an abuse of discretion. 315 Kan. at 328. "A district court abuses its discretion if no reasonable person could agree with its decision or if its exercise of discretion is founded on a factual or legal error." *State v. Butler*, 315 Kan. 18, Syl. ¶ 1, 503 P.3d 239 (2022). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Mason argues that the district court had alternative options such as various jail sanctions or revoking probation but modifying the underlying sentence. But Mason does not show that the existence of alternative options prevented the district court from revoking probation and imposing the original sentence under K.S.A. 22-3716(c)(7)(B) and (C). Mason stipulated that he committed new crimes while on probation. His original sentence also resulted from a dispositional departure. Mason does not challenge that the district court was statutorily authorized to revoke his probation.

4

Mason instead argues that the district court abused its discretion by not selecting an alternative option to revocation because the purpose of the graduated sanctions scheme is to "decrease Kansas's prison population and save millions of dollars in incarceration expenses." Mason implies that this purpose was frustrated by imposing his underlying sentence and that district courts "must make full use of their battery of intermediate sanctions" before revoking a defendant's probation. But the statute does not require absolute lenience when alternatives to revocation exist. If the Legislature wanted to require district courts to exhaust every possible alternative option to revoking probation, it would have said so in the statute. Instead, the Legislature granted district courts the case-by-case discretion on how to proceed in situations like Mason's where he committed new crimes while on probation or where his original sentence resulted from a dispositional departure. See K.S.A. 22-3716(c)(7)(B), (C).

Mason next points out his positive performance on probation—aside from violating the law, of course. He points to the fact that Wilson initially recommended a 30-day sanction and his own assertion that probation would better serve him as reasons why the district court should not have revoked his probation. But Wilson backtracked on her initial recommendation of a 30-day jail sanction. And despite Mason's successes on probation, he still violated the law similarly to his original conviction in this case and to the convictions in the Utah case. The district court reasonably focused on Mason's convictions and found that they all involved crimes against children or some form of household violence. Mason fails to show that no reasonable person would agree with the district court's decision to revoke his probation or that the decision was founded on a factual or legal error. Based on the record, we cannot find that the district court abused its discretion in revoking Mason's probation and ordering him to serve his original sentence.

Affirmed.

5