NOT DESIGNATED FOR PUBLICATION

No. 128,849

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON M. CHAPPELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; JASON E. GEIER, judge. Opinion filed December 12, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., MALONE and BOLTON FLEMING, JJ.

PER CURIAM: Jason M. Chappell appeals the revocation of his probation and imposition of his original prison sentence. We granted Chappell's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond to Chappell's motion. After reviewing the record, we find no abuse of discretion and affirm the district court's judgment.

In August 2023, following negotiations with the State, Chappell pled guilty to one count of aggravated assault in exchange for the dismissal of two additional charges. Before sentencing, Chappell moved for a dispositional departure, arguing his commitment to maintaining his sobriety and his acceptance of responsibility for his

actions justified probation. On February 15, 2024, the district court sentenced Chappell to 29 months' imprisonment but granted his motion for dispositional departure to 24 months' probation to be supervised by community corrections.

Nine months later, the State moved to revoke Chappell's probation, alleging he had repeatedly violated the terms of his probation by using drugs and alcohol, failing to submit to urinalysis testing, failing to attend required anger management classes, not paying required fees, and committing new crimes. At a hearing on February 11, 2025, Chappell contested the State's allegation that he had committed new crimes. After hearing evidence, the district court found that Chappell had violated several conditions of his probation but declined to find that he had committed any new crimes. The State asked the district court to revoke Chappell's probation, but Chappell argued for reinstatement. After hearing the arguments, the district court revoked Chappell's probation, noting it was the result of a dispositional departure, and ordered him to serve his original sentence. Chappell timely appealed the district court's judgment.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). An appellate court reviews a district court's revocation of probation for an abuse of discretion. 315 Kan. at 328. "A district court abuses its discretion if no reasonable person could agree with its decision or if its exercise of discretion is founded on a factual or legal error." *State v. Butler*, 315 Kan. 18, Syl. ¶ 1, 503 P.3d 239 (2022). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Chappell does not challenge the district court's finding that he violated the conditions of his probation. Chappell contends the district court abused its discretion by revoking his probation, though he does not explain why he believes that to be the case.

He concedes that, under K.S.A. 22-3716(c)(7)(B), the district court had the authority to revoke his probation without first imposing any sanctions because he was granted probation as a result of a departure sentence. And he does not assert that the district court's decision was founded on any legal or factual errors. Chappell fails to show that no reasonable person could agree with the district court's decision to revoke his probation. Based on the record before us, we find the district court did not abuse its discretion by revoking Chappell's probation and ordering him to serve his original prison sentence.

Affirmed.