NOT DESIGNATED FOR PUBLICATION

No. 129,227

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAKOTA MACLASKEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed April 10, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., BRUNS and HURST, JJ.

PER CURIAM: Dakota Maclaskey appeals the district court's decision revoking his probation and imposing a modified prison sentence. Maclaskey moved for summary disposition of his appeal under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). After thoroughly reviewing the record, we affirm the district court's judgment.

*Factual background*

On October 30, 2023, Maclaskey pled guilty to one count of distribution of a controlled substance—fentanyl. On June 18, 2024, the district court sentenced Maclaskey to 51 months' imprisonment but granted his motion for dispositional departure to probation for 36 months to be supervised by community corrections.

1

The district court later issued a warrant alleging Maclaskey violated the conditions of his probation by testing positive for methamphetamine, failing to report to his supervisor as directed, admitting to using fentanyl, and being unsuccessfully discharged from an outpatient treatment program. At a hearing on June 10, 2025, Maclaskey admitted the violations. The State argued that Maclaskey's probation be revoked, but he requested an extension of probation. After hearing arguments, the district court revoked Maclaskey's probation and ordered him to serve a modified sentence of 46 months' imprisonment with 36 months' postrelease supervision. Maclaskey timely appealed.

*Analysis*

Maclaskey's sole claim on appeal is that the "district court abused its discretion by imposing his underlying, albeit modified, prison sentence rather than continuing his probation." The State responds that Maclaskey has failed to show the district court abused its discretion in revoking probation, noting it resulted from a dispositional departure.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Generally, once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). An appellate court reviews a district court's revocation of probation for an abuse of discretion. 315 Kan. at 328. "A district court abuses its discretion if no reasonable person could agree with its decision or if its exercise of discretion is founded on a factual or legal error." *State v. Butler*, 315 Kan. 18, Syl. ¶ 1, 503 P.3d 239 (2022). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Maclaskey concedes the district court had authority to revoke his probation without imposing an intermediate sanction because it resulted from a dispositional departure. See K.S.A. 22-3716(c)(7)(B). He makes no claim that the district court's decision was founded on a factual or legal error. He simply argues that "no reasonable person would have imposed his underlying prison sentence rather than reinstating probation." Maclaskey was given a chance at outpatient treatment but was unsuccessfully discharged from the program. More importantly, Maclaskey failed to comply with the most basic condition of probation by reporting to his supervisor as directed. The district court showed leniency by reducing the term of Maclaskey's sentence. Based on the record before us, Maclaskey has failed to show the district court abused its discretion by revoking his probation and ordering him to serve a modified prison sentence.

Affirmed.