NOT DESIGNATED FOR PUBLICATION

No. 129,162

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES MONROE FERGEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; JESSICA HEINEN, judge. Submitted without oral argument. Opinion filed April 10, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before GARDNER, P.J., ARNOLD-BURGER and SCHROEDER, JJ.

PER CURIAM: James Monroe Fergel timely appeals the revocation of his probation and imposition of his original term of imprisonment. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). The State did not respond. Finding no abuse of discretion, we affirm.

In June 2023, Fergel pled guilty to felony possession of methamphetamine for crimes committed in June 2022. At sentencing in August 2023, the district court found, based on Fergel's criminal history score of B and drug assessment, he was entitled to a departure sentence to probation with a mandatory drug treatment program. The district court sentenced Fergel to an underlying 32-month term of imprisonment, then suspended the sentence and ordered 18 months of supervised probation, while directly admonishing

1

Fergel he had to complete the mandatory drug treatment program or his probation could be revoked.

Probation did not go as planned for Fergel. In November 2023, the district court ordered Fergel to show cause why his probation should not be revoked in response to a motion from the State. At his probation revocation hearing, Fergel stipulated to probation violations in exchange for the State recommending a 120-day jail sanction. In January 2024, the State moved to correct the order, and the district court modified the order to a 60-day jail sanction.

Upon his release, Fergel entered inpatient treatment but was unsuccessfully discharged for being aggressive. The State again moved to revoke probation. At the hearing, the district court did not make a final decision; instead, it continued the hearing to allow the probation officer time to see if other funds were available for another treatment program for Fergel.

At the next hearing, the district court acknowledged funds were found and there was a place for Fergel to enroll. Nevertheless, the State requested the district court revoke Fergel's probation and order him to serve the underlying prison sentence. After hearing the arguments of the parties, the district court revoked Fergel's probation and ordered him to serve his underlying term of imprisonment. At the revocation hearing, the district court did not give a reason under K.S.A. 22-3716(c)(7) for bypassing the two-day or three-day jail sanction. The district court emphasized Fergel's criminal history reflected 27 prior convictions. In the journal entry for the revocation hearing, the district court checked the box indicating Fergel's probation was revoked under K.S.A. 22-3716(c)(7) because the original sentence was the result of a dispositional departure.

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by

statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see also K.S.A. 22-3716 (requiring graduated sanctions before revocation in certain circumstances). We review probation revocations for abuse of discretion. *Tafolla*, 315 Kan. at 328. A district court abuses its discretion if the decision is based on a factual or legal error or if no reasonable person could agree with the decision. *State v. Butler*, 315 Kan. 18, 21, 503 P.3d 239 (2022). Fergel, as the party asserting an abuse of discretion, bears the burden to show how the district court committed error. See *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024). Fergel's claims are not persuasive.

Fergel alleges a legal error, asserting the district court improperly bypassed the intermediate sanctions required by K.S.A. 2021 Supp. 22-3716(c)(1), the statute in effect at the time of his crimes. But Fergel also acknowledges he received probation because K.S.A. 2021 Supp. 21-6824(c) mandates drug treatment for offenders like him based on his drug abuse assessment and criminal risk status. K.S.A. 2021 Supp. 21-6824(e) further sets out probation for drug treatment is defined as a departure sentence.

We observe no legal error by the district court. District courts may revoke probation without first imposing an intermediate sanction if the probation was originally granted based on a dispositional departure. K.S.A. 2021 Supp. 22-3716(c)(7)(B); *Tafolla*, 315 Kan. at 331. Drug treatment under K.S.A. 2021 Supp. 21-6824(c) is a dispositional departure. K.S.A. 2021 Supp. 21-6824(e); *State v. Kling*, No. 127,105, 2024 WL 4524289, at *2-3 (Kan. App. 2024) (unpublished opinion), *rev. denied* 321 Kan. 793 (2025). The district court did not need to impose intermediate sanctions before revoking probation. And, given Fergel's 27 prior convictions as well as his behavior on probation, the district court's decision to revoke was not unreasonable.

Affirmed.