NOT DESIGNATED FOR PUBLICATION

Nos. 129,557
129,558

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL LEE DAVIS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Submitted without oral argument. Opinion filed June 5, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., ATCHESON, J., and MICHAEL B. BUSER, retired Court of Appeals Judge, assigned.

MALONE, J.: Michael Lee Davis Jr. appeals the district court's decision revoking his probations and imposing his original sentences in two cases consolidated on appeal. We granted Davis' motion for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). The State did not oppose Davis' motion.

In Sedgwick County case No. 25CR356, Davis pled guilty to felony fleeing or attempting to elude an officer and misdemeanor driving while suspended. In case No. 25CR357, Davis pled guilty to felony fleeing or attempting to elude an officer, misdemeanor assault on a law enforcement officer, and misdemeanor driving while

1

license is suspended. In case No. 25CR356, the district court imposed an original sentence of 29 months' imprisonment on the felony conviction and a consecutive term of 6 months in jail on the misdemeanor conviction but granted probation for 24 months to be supervised by community corrections. In case No. 25CR357, the district court imposed an original sentence of 13 months' imprisonment on the felony conviction and a consecutive term of 18 months in jail on the misdemeanor convictions but granted probation for 12 months to be supervised by community corrections. The sentences were ordered to be consecutive. In each case, the journal entry of judgment reflected it would be a "Zero Tolerance Probation."

About a month after sentencing, the district court issued two warrants for Davis' violations of his probations, which included allegations that he had committed new crimes of driving with a suspended license, fleeing and eluding, and interference with a law enforcement officer. On August 19, 2025, Davis waived his right to a probation revocation hearing and stipulated to the allegations in the warrants, including that he had violated his probations by committing new crimes. The district court revoked Davis' probations and imposed his original sentences. Davis timely appealed the district court's judgment, and the cases have been consolidated on appeal.

Davis claims the district court "erred in sentencing [him] to the underlying sentences without first imposing a graduated sanction." The State responds that the district court properly exercised its discretion in revoking Davis' probations.

The procedure for revoking probation is governed by K.S.A. 22-3716. Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). An appellate court reviews a district court's revocation of probation for an abuse of discretion. 315 Kan. at 328. "A district court abuses its discretion if no reasonable person could agree with its decision or if its exercise

2

of discretion is founded on a factual or legal error." *State v. Butler*, 315 Kan. 18, Syl. ¶ 1, 503 P.3d 239 (2022). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Generally, a district court must first impose an intermediate sanction before revoking an offender's probation. See K.S.A. 22-3716(c)(1). But there are exceptions to that general rule—including when the probationer commits a new crime. In his motion, Davis concedes the district court may revoke an offender's probation without first imposing an intermediation sanction when the offender commits a new felony or misdemeanor while the offender is on probation. K.S.A. 22-3716(c)(7)(C). Thus, the district court was authorized to revoke Davis' probations without imposing a sanction.

Davis does not explain how the district court abused its discretion in revoking his probations. Nor does he allege that the district court's decision to impose his original sentences was based on an error of fact or law. Under these circumstances, where Davis committed new crimes less than a month after he was granted probation, the district court's decision was reasonable. Davis fails to show the court abused its discretion in revoking his probations and ordering him to serve his original sentences.

Affirmed.